(57 App. Div. 411.)

## AMERICAN TARTAR CO. v. AMERICAN TARTAR CO.

(Supreme Court, Appellate Division, First Department. January 25, 1901.)

FOREIGN CORPORATIONS—TRADE-NAMES—INJUNCTION.

> Where a foreign corporation entered the state without complying with the requirements of the law, and expended large amounts in equipping its factory and establishing its business, and defendant corporation established the same kind of business, incorporating under the same name, but not doing so until it had made inquiry of the secretary of state as to whether any corporation of a similar name existed, and was told there was none, plaintiff was not entitled to a preliminary injunction forbidding defendant the use of the name.

Appeal from special term, New York county.

Proceedings by the American Tartar Company against the American Tartar Company. From an order denying plaintiff's motion for a preliminary injunction, it appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Antonio Knauth, for appellant.

PATTERSON, J. By the order appealed from in this action the court below denied the plaintiff's motion for an injunction to restrain the defendant from using the name "American Tartar Company" during the pendency of this action. It is impossible to see how the court could have made any other disposition of the motion than that directed in the order. The equities are so overwhelmingly against the plaintiff upon the facts as they appear in the affidavits that the conclusion of its being without right, on the presentation of the case as now made, to interrupt, and perhaps ruin, a legitimate business of the defendant, is not open to debate. The action is upon an alleged infringement of the plaintiff's corporate name which it used as a trade-mark, put upon its merchandise and on its bill heads and letter heads. The plaintiff is a foreign corporation, organized in the state of California in the month of May, 1899. In June, 1899, it came to the state of New York, equipped a factory in the borough of Brooklyn for the production of cream of tartar and other products, spent a large sum of money in erecting its plant, and from the month of October, 1899, carried on business at that place. The defendant is a corporation organized under the laws of the state of New York, and was incorporated on the 4th day of May, 1900, under the name of the American Tartar Company; and it carries on the business of manufacturing and selling the same article as that manufactured and sold by the plaintiff. The plaintiff never took out a license, nor complied with the provisions of the laws of the state of New York entitling it to do business within the state, and it never has procured a license to do business within the state; a tardy application having been refused by the secretary of state because of the existence of the defendant corporation with the name American Tartar Company already adopted by it and used in its business. The plaintiff alleges that the defendant adopted its name in fraud of the plaintiff's right, and substantially with the intention of pirating its name, and thus acquiring the benefit of its

prestige in the business in which it was engaged. But these charges are absolutely disproven, it being shown by those who were interested in the organization of the defendant corporation that before the name was adopted they made application to the office of the secretary of state to ascertain whether any other corporation of that name existed or did business within the state, and were assured that there was none such. The same persons declared that they had no knowledge of the existence of the plaintiff corporation, and that the organization of the defendant and the conduct of its business has been independent and legitimate from the beginning. Here, then, we have a very simple case of a corporation (the plaintiff) having no right to transact the business it carries on as a manufacturing corporation within the state of New York, seeking to enjoin a corporation of the state of New York from using the corporate name which it has honestly adopted, and which fairly belongs to it, and which it did not assume until after full inquiry made as to its right to do so; and this in the absence of any proof whatever that there was any fraudulent purpose or intent on the part of the defendant in adopting its name. It seems quite unnecessary to say anything further than that under such circumstances, and with such a case, the court will not grant a preliminary injunction with all the disastrous consequences that might result to the defendant therefrom.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.