Heights R. Co., 95 App. Div. 159, 88 N. Y. Supp. 500; Wood v. Wyeth, 106 App. Div. 24, 94 N. Y. Supp. 360. The judgment in the Municipal Court was admissible in this proceeding, for the effect upon the public of its recovery against the attorney is an item to be considered in determining whether he is a fit man to retain a license to practice. McCarthy's Case, 42 Mich. 71, 51 N. W. 963; Fairfield County Bar v. Taylor, 60 Conn. 11, 22 Atl. 441, 13 L. R. A. 767. It is quite clear, however, I think, that it is not conclusive upon the attorney, and that he is at liberty to explain it, and that it is our duty to determine upon all of the evidence presented here whether it has been clearly shown by a fair preponderance of the evidence that he is guilty of the charge of having converted the money. Matter of Darmstadt, 35 App. Div. 285, 55 N. Y. Supp. 22; 4 Cyc. 915.

There are some inconsistencies in the position and claims of the attorney from time to time, and in his testimony; but, as he is not now upon trial for them, they may only be taken into consideration in determining the punishment after his conviction of some charge upon which he is upon trial. I am of opinion that the specific charge of conversion should not be deemed sustained by the evidence, but it does not follow that the proceeding should be dismissed. Although conversion is charged, yet the facts relating to the entire conduct of the respondent with respect to this transaction are set forth, and professional misconduct is charged broadly thereon. There is no evidence of deception or dishonesty on the part of the attorney in his relations with his client; but for failing to preserve her money intact, and to exercise greater diligence in causing the presentation of the application for the pardon, and for failing to return the unused balance of the fund to her promptly upon learning that the application for the pardon had been denied, he should be disciplined by suspending him from practice for the period of six months.

---

### MOTOR BOAT PUB. CO. v. MOTOR BOATING CO.

(Supreme Court, Special Term, New York County. December 6, 1907.)

1. Trade-Names—Infringement—Temporary Injunction.

Plaintiff, a publisher of a publication called the "Motor Boat," sought to restrain defendant from publishing a magazine called the "Motor Boating Magazine." The expression "Motor Boat" was a properly descriptive and generally accepted designation. The two publications were of the same dimensions, but the coloring and general design of the covers were so different that no one could mistake the one publication for the other. The circulars of defendant stated that its publication was new. The form of the subscription cards by both were in their general features common to a great many other business concerns. Held, that plaintiff was not entitled to a temporary injunction to restrain defendant during the pendency of the action from publishing or selling its magazine.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 108.]

2. Same.

A publisher of a publication called "Motor Boat" is not entitled to a temporary injunction to restrain a foreign corporation from publishing a magazine called "Motor Boating Magazine," on the ground that the

corporation has not complied with Corp. Laws, §§ 15, 16, 16a (Birdseye's Rev. St. [3d Ed.] pp. 727–729), because it had not obtained a certificate authorizing it to do business in the state.

Action by the Motor Boat Publishing Company against the Motor Boating Company. On motion for a temporary injunction. Denied.

Hugo H. Ritterbusch, for the motion.

Robert B. Gray (Rollin M. Morgan and Arthur L. Marvin, of counsel), opposed.

GIEGERICH, J. The plaintiff seeks to enjoin the defendant during the pendency of the action from publishing or selling a proposed magazine to bear the name, "Motor Boating," or any publication whatsoever bearing the name "Motor Boat" or "Motor Boating," or any name similar to or an imitation of the name "Motor Boat," and from doing any business in the state of New York because of its failure to comply with sections 15, 16, and 16a, Birdseye's Rev. St. (3d Ed.) pp. 727–729 of the corporation laws of the state of New York, in that being a foreign corporation, the defendant has not procured the necessary certificate to do business in this state.

The theory of the plaintiff's claim to the exclusive use of the expression "Motor Boat" in the title of any publication is based upon the fact that the plaintiff has used such title continuously since April, 1904. The opposing affidavits show that the expression "motor boat" to designate boats propelled by a motor had come into general use prior to the date when the plaintiff began its publication, and that some magazines previous to that date conducted a regular department under the title "The Motor Boat." Although this is contradicted by the replying affidavits, I think the evidence is in favor of the defendant on this issue, and it is apparent that whatever influence the plaintiff's publication may have had in promoting the use of the term "motor boat" in place of "power boat" or "automobile boat," or "auto boat," or any of the other terms first used to designate such craft, was only one of a number of contributing causes, and that the change took place at about the same time and owing to the same influence that brought about the general adoption of the similar expressions "motor cycle" and "motor car." In deciding the case; therefore, it must be taken as established that the expression "motor boat" is a properly descriptive and generally accepted designation.

Such being the fact, it is difficult to see what warrant the plaintiff or any one else would have for claiming such broad privileges with respect to the term. It is shown in the opposing affidavits that, where a title of the character in question is adopted, it is quite usual that two or three magazines with similar titles are published. For instance, "The Automobile," "Automobile Magazine," and "Automobile Topics" are three distinct publications in that line. Another illustration is found in the case of the engineering publications; there being an "Engineering Magazine," "Engineering News," "Engineering Record," "Engineering Review," and "Engineering Index," and others. The defendant announces that its intention is to add the word "magazine," making the name of its publication "Motor Boating Magazine." That

being done, I can see no serious danger that the public will be misled, and that the mail of the two publications will be confused, or that any other form of confusion will arise any more than is likely to happen in the case of publications in other lines of somewhat similar names, such as the ones instanced above.

In the present instance, the circulars and announcements sent out by the defendant company are entirely frank and plain, and, indeed, emphatic, in showing that the defendant's publication is an entirely new one that is just being launched. With respect to the form of subscription cards of which complaint is made, it is shown satisfactorily that the form of card used by both companies is in its general features one common to a great many other business concerns. Keeping that fact in mind, it does not impress me that the card adopted by the defendant is unduly similar to that used by the plaintiff. So far as concerns the general appearance of the two publications, it is true that they are of the same dimensions; but it is also shown that those dimensions are common to many publications. The coloring and general design of the covers is so different that nobody could ever mistake the one publication for the other.

Coming now to the branch of the motion which seeks to enjoin the defendant from doing business on the ground that it has not obtained a certificate authorizing it to do business within the state, I have been unable, after such search as time has permitted me in the absence of citations in the briefs, to find any case in point. The only authority which seems to have dealt with the question at all is American Tartar Co. v. Am. Tartar Co., 57 App. Div. 411, 68 N. Y. Supp. 236, where a foreign corporation, after doing business in this state for a considerable time without acquiring authority to transact business here, sought to restrain a domestic corporation subsequently organized which adopted the same name without knowledge of the existence of the foreign corporation. The court denied the motion, but nowhere in the opinion delivered was it intimated that the foreign corporation delinquent in the respect indicated was without any standing to claim the protection of our courts if it had presented a meritorious case in other respects; the decision being based upon the ground that the domestic company had proceeded in good faith and without knowledge of the prior existence of the foreign corporation. The statute in question, in section 15 thereof, provides the penalty, and a very severe one, for failure to secure authority to do business in this state, and, in the absence of decisions on the point, I am not disposed to go to the extreme which the plaintiff desires in this case.

The motion should be denied, with $10 costs.