## MUTUAL EXPORT & IMPORT CORP. v. MUTUAL EXPORT & IMPORT CORP. OF AMERICA.

### (District Court, S. D. New York.  March 13, 1917.)

### No. 252.

1. CORPORATIONS ⬅➡661(6)—FOREIGN CORPORATIONS—SUIT WITHIN STATE—RESTRAINING USE OF NAME.

The provision of General Corporation Law (Consol. Laws N. Y. c. 23) § 15, that no foreign corporation shall maintain any action in the state upon any contract made by it in the state, unless prior to making such contract it had procured a certificate of authority to do business, does not prevent a foreign corporation doing business in the state without authority from maintaining suit against a domestic corporation, subsequently incorporated with knowledge that the name adopted by it was similar to the name of the foreign corporation, to restrain the use of the name by the domestic corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2539, 2542, 2544, 2564.]

2. CORPORATIONS ⬅➡648—FOREIGN CORPORATIONS—FAILURE TO SECURE PERMIT—USE OF NAME BY DOMESTIC CORPORATION.

Under General Corporation Law N. Y. § 15, providing that no foreign stock corporation shall do business in the state without having first procured a certificate of authority, and that no such certificate shall be granted to any foreign corporation having the same name as an existing domestic corporation, or a name so nearly resembling it as to be calculated to deceive, a foreign corporation doing business within the state without a certificate is not entitled to the use of its corporate name within the state as against a subsequently incorporated domestic corporation having a similar name, which it adopted without knowledge that it was the name of the foreign corporation, since the foreign corporation's failure to comply with the law requiring it to procure the certificate of authority to do business prevented the domestic corporation from learning of the similarity of names.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2516.]

In Equity.  Suit by the Mutual Export & Import Corporation against the Mutual Export & Import Corporation of America to restrain the defendant from the use of its name.  Complainant's bill for injunction sustained, and defendant's cross-bill for injunction dismissed.

Louis A. Sable, of New York City, for complainant.
Daniel Mungall, of Brooklyn, N. Y., for defendant.

AUGUSTUS N. HAND, District Judge.  The defendant incorporated February 10, 1916, under the laws of Delaware, with the object of doing an import and export business in the state of New York.  It entered upon this business in New York immediately after its incorporation.  The complainant incorporated in New York on March 10, 1916, and engaged in a similar business, without any knowledge of the

prior incorporation of the defendant in Delaware. Each corporation has built up a substantial business in New York and has an office there, and each has acted throughout in good faith. The similarity of names of the two corporations has interfered with the business of each, and has caused letters, invoices, and bills of lading to be confused.

Section 15 of the General Corporation Law of New York provides that:

"No foreign stock corporation other than a moneyed corporation, shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state. * * * No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it shall have procured such certificate. * * * No certificate of authority shall be granted to any foreign corporation having the same name as an existing domestic corporation, or a name so nearly resembling it as to be calculated to deceive. * * * "

The defendant, though it began business in New York prior to the incorporation of the complainant, has never obtained a license to do business there, and its name so nearly resembles that of complainant as to be calculated to deceive. More than that, the proof shows the close resemblance, and that defendant's name does in fact cause deception and confusion. The complainant seeks in this suit to restrain defendant from the use of its name within the state of New York, and the defendant in its answer asks for similar relief against the complainant.

[1] It is manifest that it is the policy of the state of New York that a business corporation should obtain a certificate from the secretary of state that it is authorized to do business in that state, and that no such license shall be given to any corporation having a name so similar to that of a domestic corporation as to cause confusion. The only penalty imposed by the statute upon the foreign corporation is that it cannot recover upon contracts made in New York. Hence a foreign corporation can restrain the use by a domestic corporation of a trade name similar to its own when such name is chosen by the domestic corporation with notice of the name and business of the foreign corporation, even though the latter has obtained no authorization to do business in New York. This is well settled and the equity is based upon the prevention of fraud. United States Light & Heating Co. of Maine v. United States Light & Heating Co. of New York (C. C.) 181 Fed. 182; Hoevel Sandblast Machine Co. v. Hoevel, 167 App. Div. 548, 153 N. Y. Supp. 35; General Film Co. of Missouri v. General Film Co. of Maine (C. C. A.) 237 Fed. 64.

[2] The situation in the case at bar, however, is quite different from that disclosed in the foregoing decisions. The defendant, in doing business in New York without a certificate, has acted contrary to the policy of the state, and neglected to furnish the complainant with record evidence of its name and rights, which would have existed if the statute had been complied with. Such an authorization would have automatically protected the complainant, and prevented it from obtaining a similar corporate name and building up a good business under that name. Both parties were innocent of any wrong purpose, but it is in-

equitable that the complainant should lose the right to the use of its name in New York and that the defendant should be allowed to mislead the public by the use of its name when a compliance with the statute would have obviated the difficulty.

The New York Appellate Division in the case of American Tarter Co. v. American Tarter Company, 57 App. Div. 411, 68 N. Y. Supp. 236, refused to enjoin a domestic corporation at the suit of a foreign corporation which was incorporated first, but had failed to obtain an authorization to do business in New York, from the use of its name. The real reason for such a decision was, not that the foreign corporation had not a right to sue, or to use its name where no rights of innocent third parties were prejudiced, but because it had neglected to comply with a statute which would have fully protected both the other party and the public. If a foreign corporation by reason of careless and unlawful conduct has lost the right to protect its own name, conversely its competitor should be granted an injunction to prevent the use of a name which is misleading.

The complainant's bill for an injunction should therefore be sustained, and the defendant's cross-bill for an injunction should be dismissed, with costs.