Herbert D. Hamm, J.
This is an application under section 964 of the Penal Law which provides: “ No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof, or a part of any name, designation or style, or any symbol or simulation thereof, which may deceive or mislead the public as to the identity of such person, firm or corporation or as to the connection of such person, firm or corporation with any other person, firm or corporation * * * and if it shall appear to the satisfaction of the court or justice that the defendant is in fact assuming, adopting or using such name, or is about to assume, adopt or use such name, and that the assumption, adoption or use of such name may deceive or mislead the public, an injunction may be issued by said court or justice, enjoining and restraining such actual or threatened violation without requiring proof that any person has in fact been deceived or misled thereby.”
The evidence of intent to “ deceive or mislead the public ” is overwhelmingly conclusive. The photographic exhibits are of *382 significant import in contributing to compelling a finding of guilty intent. The evidence is also conclusive that the respondents ’ conduct ‘ ‘ may deceive or mislead the public ’ ’. The prior activities of the petitioner within the State constitute quite adequate basis for the possibility of such deception and the respondents ’ conduct can have no other effect than that which tends to mislead or deceive.
Section 210 of the General Corporation Law provides that a foreign corporation, other than a moneyed corporation, “ shall not do business in this state without having first obtained from the secretary of state a certificate of authority ”. The prior business activities of the petitioner within this State were all without authorization of the Secretary of State. It is urged that the petitioner must be denied an injunction because of failure to obtain authorization. While this argument might be persuasive in the absence of statute, section 218 of the General Corporation Law provides: “ A foreign corporation, other than a moneyed corporation, doing business in this state shall not maintain any action in this state upon any contract made by it in this state, unless before the making of such contract it shall have obtained a certificate of authority. ’ ’ Hence by statute the penalty imposed on a foreign stock corporation for doing business in New York without the certificate of authority required by section 210 of the General Corporation Law is limited to that prescribed in section 218. The Legislature has determined that the penalty prescribed is sufficient to effect the object of the statute prescribing the terms upon which foreign corporations may do business in this State. There is no additional or further penalty (Fritts v. Palmer, 132 U. S. 282). -The view of the Supreme Court that the imposition of a penalty by statute limits.the penalty to that imposed in the statute finds support in sfich. cases as Alsing Co. v. New England Quartz & Spar Co. (66 App. Div. 473, affd. 174 N. Y. 536) and Pennsylvania Pubs. v. Senft (280 App. Div. 918). It is true that, in order to demonstrate that the public may be deceived, the petitioner must rely on business transacted without authorization but the penalty prescribed by statute is limited to the benefit of parties to contracts with the petitioner and by statute does not enure to the benefit of these respondents, with whom there was no contractual relationship and against whom the petitioner’s claim is not of a contractual nature. The petitioner’s prior transactions with third parties in this State were not void or illegal but infirm only as to the petitioner’s inability to enforce them against the parties to its' contracts (Mahar v. Harrington Park Villa Sites, 204 N. Y. 231). Assuming that the only *383 impediment to an injunction, as the facts demonstrate, is the petitioner’s omission to have obtained a certificate of authority, the denial of an injunction would be imposition of a further penalty in excess of the statutory limitation.
The respondents rely greatly on a statement in Hoevel Sandblast Mach. Co. v. Hoevel (167 App. Div. 548, 549) although the statement was not essential to the decision. In granting an injunction to a foreign corporation which had been doing business in this State without authority the court said: “ This is not an action upon contract, nor is it to obtain relief by reason of any business transacted by it in the State of New York.” It is the expression “ by reason of any business transacted by it in the State ” on which dependence is placed. In Pennsylvania Pubs. v. Senft (280 App. Div. 918, supra) the cause of action of the unauthorized foreign corporation was for damages by reason of having transacted business in the State of New York through the misrepresentations of the defendants. The same court that determined the Hoevel case decided “This is not an action upon any contract, or contractual in nature; thus section 218 of the General Corporation Law is not available as a defense.” It has frequently been stated: “No opinion is an authority beyond the point actually decided, and no judge can write freely if every sentence is to be taken as a rule of law separate from, its association.” (Dougherty v. Equitable Life Assur. Soc., 266 N. Y. 71, 88.) And see, also, People v. Olah (300 N. Y. 96, 101) and Cardozo, J., on The Nature of the Judicial Process (pp. 29-30).
An order may be submitted restraining the respondents from using the corporate name Dunkin Donuts, Inc. or the trademark or trade name Dunkin Donuts or any deceptive simulation thereof in any manner in the conduct of their business.
Submit order to Troy on three days’ notice. The papers in this proceeding will be forwarded with the signed order.