## Tracy's Liquor License Case.

512

Argued November 16, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Thomas A. Curran,* for appellant.

*C. William Kraft, Jr.,* Assistant District Attorney, with him *William B. McClenachan, Jr.,* District Attorney, for appellee.

OPINION BY CUNNINGHAM, J., January 29, 1937:

Lawrence Tracy, the appellant herein, was the holder of a restaurant liquor license granted by the Pennsylvania Liquor Control Board, under the provisions of the "Pennsylvania Liquor Control Act" of November 29, 1933, P. L. 15, (Special Session), for the year end-

ing December 31, 1935, at the premises No. 937 Walnut Street, Chester, Delaware County, known as "Silver Horn Cafe."

Prior to the institution of the proceeding out of which this appeal arose, that act was reenacted and amended by "The Pennsylvania Liquor Control Act," approved July 18, 1935, P. L. 1246.

On November 15, 1935, the district attorney of Delaware County, acting under the provisions of section 410 of the amendatory act, presented his petition to the court below charging that appellant on July 12, 1935, had violated paragraph (e) of section 602 of the Act of 1933, supra, by selling and furnishing liquor to minors and to a person visibly intoxicated. Upon this petition the court below granted a rule upon appellant to show cause why the license should not be revoked, returnable December 12, 1935, and fixed that date for a hearing. Due notice of the charges and of the time and place of hearing was given appellant by personal service upon him of a copy of the petition and rule. On November 22, 1935, appellant filed an answer specifically denying the alleged violations. When the matter came on for hearing before the three judges of the court below, appellant appeared with his counsel. The district attorney introduced the testimony of a number of witnesses and thereby presented ample and uncontradicted evidence of sales of liquor to minors as charged in the petition. The evidence relating to the alleged sales to a person visibly intoxicated was not conclusive and the court based no finding thereon.

Subsequently the court entered the following decree, revoking the license and forfeiting the bond which had been given by the licensee pursuant to section 406 of the original act: "And now, December 20, 1935, the court finds as a fact, after a full hearing, that Lawrence Tracy, to whom was issued a restaurant liquor license for premises 937 Walnut Street, in Chester, Penna.,

for the period ending December 31, 1935, violated the laws of the Commonwealth of Pennsylvania relating to liquors and malt beverages; that at divers times during the term for which the said license was granted sold beer to minors on the premises licensed.

"It is therefore ordered and decreed that the prayer of the petition be and is hereby granted and that the restaurant liquor license for the premises 937 Walnut Street, Chester, Delaware County, Penna., granted for the period ending December 31, 1935, be and is hereby revoked. It is further ordered and decreed that the bond of said Lawrence Tracy be and is hereby forfeited. The costs of this proceeding are hereby assessed against the said Lawrence Tracy."

The present appeal is by the licensee from this decree and it becomes our duty, under section 410 as amended, to "examine the record ...... and determine whether or not the action of the court of quarter sessions was properly based upon the evidence."

If the evidence consisted only of the testimony relative to the sales to minors, this opinion could end here with an affirmance of the decree. The real controversy in this case was introduced into it by a supplemental answer filed by appellant at the opening of the hearing in which he averred that, under the provisions of the Act of 1935, supra, the license issued to him on January 1, 1935, terminated on October 31, of that year—a date prior to the hearing. It was further averred that he was then operating under a new license granted him by the board on November 1, 1935, for a period of one year, and, as it was not alleged any of the violations charged had occurred since the latter date, the court was without authority to revoke "his present license," for any offense which occurred prior to November 1, 1935. Upon the same grounds, appellant sought at the hearing to have the proceeding dismissed.

In order to avoid confusion, it must be noted at this

point that the petition prayed for the revocation of the license granted in January 1935, under the original Act of 1933, supra, which license, by the express provisions of section 409 thereof, did not expire until December 31, 1935. Moreover, the decree of revocation and forfeiture entered December 20, 1935, and here assigned for error, was expressly confined to the license granted in January "for the period ending December 31, 1935." No mention or reference is made, either in the petition or decree, of the license granted on November 1, 1935.

As distinctly stated in the opinion written for the court below by FRONEFIELD, P. J., the license granted under the original act for the year ending December 31, 1935, "was the license questioned in the proceedings" and the license granted November 1, 1935, "was not in issue."

We would be justified in declining to consider the question which appellant has set out in his "Statement of Question Involved" and argued in this court, upon the ground that it was not raised in the court below either by his supplemental answer or formal petition to dismiss; but, as it appears from an inspection of the record and from the testimony of appellant at the hearing that the matter was brought to the attention of the quarter sessions and because it has been raised in other counties, we have concluded to give it consideration. As phrased by counsel for appellant, it reads:

"Where the Liquor Control Board, pursuant to the authority of the amending Act of July 18, 1935, P. L. 1246, has provided by appropriate regulations that certain licenses granted by it on January 1, 1935, should expire on October 31, 1935; and the holder of such a license duly applied for a new license under the act as amended, and duly received the same on November 1, 1935, and was operating thereunder, does the court

of quarter sessions have the power to declare a revocation of such former license, and to forfeit the bond given therewith, upon a proceeding commenced on November 15, 1935, setting up infractions of the liquor laws alleged to have occurred on July 12, 1935?"

Importance is added to the legal aspects of the question by the practical effects flowing from a decree of revocation. By section 410 of the amendatory act it is provided, inter alia, that no license may be granted to one whose license has been revoked until a period of three years has elapsed from the date of revocation, and that no license may be granted for the premises during a period of one year after that date. As the violations shown in this case occurred prior to the approval of the amendatory act, we need not give any attention to the question of the ineligibility of the premises. As we have indicated in *DeLucca's Liquor License Case,* 124 Pa. Superior Ct. 500, 190 A. 195, forfeiture of the licensee's bond may, or may not, follow as an incident of revocation, depending upon the grounds charged against the licensee. Here, the bond has been forfeited.

The question which appellant has argued grows out of the fact that the legislature, by the reenacting and amendatory act of 1935, supra, modified section 409 of the original act so as to provide that the expiration dates of licenses should be uniform throughout the respective districts into which it authorized the board to divide the state, but "staggered" as to the state, and by the repealing section (802) provided the machinery to carry the plan into effect.

Paragraph (a) of the section, as amended, reads: "The board shall, by regulation, divide the state into convenient license districts and shall hold hearings on such applications, as it deems necessary, at a convenient place or places in each of said districts, at such times as it shall fix by regulation, for the purpose of

hearing testimony for and against applications for new licenses and renewals thereof. The board shall, by regulation, fix the license year for each separate district so that the expiration dates shall be uniform in each of the several districts but staggered as to the state."

The board was authorized by section 802, inter alia, to extend existing licenses granted under the original act and to collect additional license fees for such extensions.

Shortly after the approval of the Act of 1935 the board, by a regulation, divided the state into four districts—District No. 1 comprising the counties of Philadelphia, Bucks, and Delaware—and provided that the license year in that district "shall expire on October 31st."

The portion of section 802 applicable to this case reads: "In the event the board shall establish license districts, in any of which the license year for a district shall begin prior to January first, one thousand nine hundred and thirty-six, all holders of hotel, restaurant or club liquor licenses in such districts shall file written applications with the board for licenses for the ensuing license year, in accordance with board regulations; and those to whom licenses are issued shall be given credit on the license fee for the ensuing license year for the unused portion of the license fee paid by such licensee for the year one thousand nine hundred and thirty-five:" 47 PS §744-704.

It was also provided that in the event a license was not applied for, or refused, the *existing* license, unless revoked, or suspended, should "continue in force for the remainder of the calendar year one thousand nine hundred and thirty-five."

Under these provisions, appellant applied for and received a new license for the year beginning November

1, 1935, gave a new bond, and received a credit of one-sixth of his annual. license fee. The existing license was not called in or surrendered.

Appellant's argument is based upon the premise that the board was authorized to, and did, "terminate" the license granted January 1, 1935, on October 31st of that year. We do not agree with that proposition. The act says nothing about "terminating" any license during the term for which it was granted, except by a decree of revocation. It does provide for "extending existing licenses" in order to accomplish the object of the amendment and for the "termination" of such extensions.

In the event the board fixed a new expiration date for any district which would result in making the new license year begin prior to January 1, 1936, (as was the case here), the existing license was to be treated as "in force," for many purposes, "for the remainder of the calendar year." At most, we here have a case of licenses overlapping for a period of two months.

As this court has stated in *Revocation of Wolf's License,* 115 Pa. Superior Ct. 514, 176 A. 260, the legislation with which we are concerned establishes a new system of liquor control. It was enacted, as declared by section 3, in the exercise of the police power of the Commonwealth "for the protection of the public welfare, health, peace and morals" of our people and "to prohibit forever the open saloon." In its interpretation, the statute declares that all of its provisions "shall be liberally construed for the accomplishment of this purpose." In the case cited we applied the principle announced in *Umholtz's License,* 191 Pa. 177, 43 A. 75, that "statutes are to be so construed as best to effectuate the intention of the legislature, though such construction may seem contrary to the letter." In the light of this pronouncement, it is unthinkable that the legislature, in providing a system of stag-

gered dates for the expiration of liquor licenses by authorizing the advancing, (in three large counties) to October 31, 1935, of an expiration date which otherwise would have been December 31st, ever intended that the quarter sessions in those counties should be deprived of authority to ascertain, by a judicial inquiry conducted between November 1 and December 31, 1935, whether a licensee had violated the liquor laws of this Commonwealth prior to October 31st of that year, and, upon proof of such violation, to revoke the license under which he was operating at the time of the violation. Aside from the sufficiency of the evidence, that is the only question we are required to decide in this case.

Upon consideration of the record and the briefs of counsel, we are of opinion that the court below had jurisdiction and authority to entertain the petition, conduct the hearing, and enter the decree appealed from, and that its action "was properly based upon the evidence."

Decree affirmed.