## Seila's Liquor License Case.

Argued December 14, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*Thomas I. Guerin,* with him *Daniel J. F. Flood,* Special Deputy Attorneys General, and *Charles J. Margiotti,* Attorney General, for appellant.

*D. M. Garrahan,* for appellee.

OPINION BY CUNNINGHAM, J., January 29, 1937:

The Commonwealth has appealed from a decree of the court below dismissing its petition for the revocation of a restaurant liquor license granted by the Pennsylvania Liquor Control Board to William G. Seila, under the provisions of the "Pennsylvania Liquor Control Act" of November 29, 1933, P. L. 15, (Special Session), for the year ending December 31, 1935, at the premises No. 29 S. 6th Street, Allentown, Lehigh County, known as "Bill's Place."

On January 3, 1936, the Attorney General, acting under the provisions of section 410 of the amendatory act of July 18, 1935, P. L. 1246, presented his petition

to the court below charging that the licensee, "by his agent, Alvin Street," had violated the liquor laws by selling liquor on November 20 and 21, 1935, for consumption off the premises, and, on November 21 and 22, by selling liquor on credit, and praying for the revocation of the license and the forfeiture of the bond accompanying the same. A rule, returnable February 10, 1936, was granted upon the licensee to show cause why the prayer of the petition should not be granted and that date was fixed for the hearing. A copy of the petition and rule having been served personally upon the licensee, an answer was filed by him on January 11, 1936, denying the charges. When the case came on for hearing, testimony was introduced on behalf of the Commonwealth in support of its allegations, and after a full hearing of both sides the court below made the following findings:

"From the testimony taken on February 10, 1936, we find the following facts, namely that the licensee permitted Alvin Street to purchase and operate the business on the account of said Street, without transfer of the license, from September 6, 1935, to the end of the license year; that said Street, on November 20, 1935, and November 21, 1935, sold liquor for consumption off of the premises and on November 21, 1935, and November 22, 1935, sold liquor on credit.

"There was a suggestion that the arrangment between the licensee and his purchaser was that of owner and manager, but if such an arrangement was made it was the merest subterfuge and was not carried out, as the lease was immediately taken in Street's name, all monies were deposited in his name, all bills, excepting those for liquors, were in his name and paid by him and neither Street nor licensee testified as to any accounting having been attempted. This was a clear violation of paragraph (a) of section 408 of the liquor law as amended by the Act of [July 18] 1935,

P. L. 1246, Sec. 1, 47 P. S. 744-408 and a countenancing by licensee of sales without a license on the part of Street in violation of paragraph (a) of Section 602 of said Act, 47 P. S. 744-602.

"As to sales for consumption off the premises, if the testimony of the agent, Hanes, is to be believed, Street knew the purchaser of a bottle intended to remove it. The subterfuge of opening and pouring a drink from the bottle does not avail him in the light of his knowledge that the customer intended to remove the bottle from the premises for consumption in violation of section 411 of said act, 47 P. S. 744-411.

"Street admitted the sales on credit and his explanations are unsatisfactory and unavailing. The sales were in violation either of paragraph (f) [selling on credit] or of paragraph (g) [selling on pass-book] of section 602 of said act, 47 P. S. 744-602."

An examination of the record discloses sufficient competent testimony to sustain these findings. Under them, the Commonwealth is entitled to a decree revoking the license and forfeiting the licensee's bond, unless some convincing and compelling reason to the contrary is shown.

The main ground upon which the learned presiding judge dismissed the petition was that "the license had expired by its own terms on the date when application was made." In the course of his opinion he said: "The court, therefore, has nothing upon which it can operate. A license is a permission from some authority to perform an act which, without the license, would be unlawful. To revoke a license is to recall and to remove the permission. The purpose of revocation is to prevent a person who has abused a privilege from continuing to exercise that privilege. When that privilege has been lost by lapse of time, there is no further danger of abuse and hence no purpose for revoking the license."

The question involved upon this appeal, as stated by counsel for the Commonwealth and not controverted by counsel for the licensee, reads: "May a restaurant liquor license be revoked for law violations committed within the license period, where the petition for revocation is not filed until after the expiration of the license period?"

This is the first time that exact question has reached this court. As shown in the briefs, it has been raised in the quarter sessions of various counties and conflicting opinions have been rendered.[1]

The present question differs from the one involved in *Tracy's Liquor License Case,* 124 Pa. Superior Ct. 511, 190 A. 200, in that the petition in that case was filed, the hearing had and decree entered, prior to the original expiration date of the license there in question.

Our answer to the above quoted question, as applied to the facts in this case, is in the affirmative.

We cannot agree with the conclusion reached by the court below. In our opinion, it does not give sufficient weight to *all* the consequences which the legislature has said shall flow from such violations by a licensee under our liquor laws, during the term of his license, as have been shown in this case.

When it has been made to appear, upon due notice and after a proper hearing, that a licensee has committed the offenses here proven the consequences of his acts, as expressly provided by the amendatory act, are not only the loss of the privileges granted by the license and the forfeiture of his bond, but he also becomes ineligible to receive another license until after the lapse of three years from the date of revocation, and no license may be granted for the premises for a

[1] In the counties of Allegheny, Berks, Bucks, Fayette, Lackawanna, Monroe and Philadelphia, it has been held that a license may be revoked after the expiration of its term; in some instances the petition for revocation was filed within, and the decree entered after the expiration of, the term.

period of at least one year. We have discussed the forfeiture of bonds in *DeLucca's Liquor License Case,* 124 Pa. Superior Ct. 500, 190 A. 195, and *Com. v. Mc-Menamin et al.,* 122 Pa. Superior Ct. 91, 184 A. 679. Under the principles there stated and the facts here found, this licensee's bond should be forfeited.

As indicated in *Revocation of Wolf's License,* 115 Pa. Superior Ct. 514, 176 A. 260, these additional results of a violation of the liquor laws prevent the questions incident thereto from becoming moot at the expiration of the term of a license.

Moreover, there is a practical aspect to the question here involved which should be given consideration. We have referred in *Tracy's Liquor License Case,* supra, to the direction of the legislature that the statutes under consideration are to be "liberally construed for the accomplishment" of their purposes.

Clearly, one of the purposes contemplated is that license holders shall faithfully observe the liquor laws of the Commonwealth and the regulations of the board, under penalty of having their bonds forfeited and themselves and the premises they occupy rendered ineligible for license for specified periods, as well as under penalty of having their licenses revoked. If the only penalty for violations were the revocation of the license, there would be force in the opinion expressed by the court below in this case. To agree with the position there taken would, it seems to us, be equivalent to saying that a licensee may violate the liquor laws and the regulations of the board with impunity, provided he waits until the term of his license has so nearly expired that it would be impossible for his violations to be detected, a petition for revocation presented, due notice given, and a hearing had before the expiration of the term of his license. No matter how flagrant the violations may have been, his bond could not be forfeited, nor could his ineligibility or that of the

premises be judicially established. Such results would, we think, be directly contrary to the declared legislative intent to which we have referred.

On the other hand, we are not to be understood as holding that the filing of a petition for revocation may be unduly delayed beyond the expiration of the license. The officials charged with the enforcement of the liquor laws must act. with reasonable promptness when they seek to enforce the penalties provided therein; here, the Attorney General did act within a few weeks after the violations were committed. It is impossible to fix a definite limit of time within which a petition must be filed, and each case must, therefore, be disposed of upon its own facts and through the exercise of sound judicial discretion, but having in mind the manifest intent of the legislature that such proceedings must be instituted and prosecuted with due diligence. In our opinion, this proceeding was instituted and prosecuted with reasonable promptness. It follows, from the views we have expressed, that the assignment of error should be sustained.

The decree of April 6, 1936, is reversed; the petition is reinstated and the record remitted with instructions to enter a decree revoking the license and forfeiting the bond.