## Riverside Drum Corps Association's License

*D. J. F. Flood,* for petitioner.
*D. M. Garrahan,* for respondent.

IOBST, P. J., and HENNINGER, J., March 22, 1937.—On three separate occasions, namely, July 24th, August 5th, and September 15, 1936, State enforcement officers, who were not members of Riverside Drum Corps Association, Inc., entered its club house at 252-254 East Maple Street, Allentown, Pa., through an unlocked door and purchased liquor from the steward.

On January 28, 1937, the Attorney General petitioned this court to revoke the license granted said club on January 30, 1936, by the Pennsylvania Liquor Control Board for the year ending January 31, 1937, and at a hearing held February 23, 1937, satisfactory evidence was offered in proof of said violations.

The club stresses in opposition to the application: (*a*) The death of the offending steward before the application to revoke was filed; (*b*) what the club deems unreasonable delay in presenting the application to revoke; and (*c*) the good faith of the club in that it, by resolution duly passed on September 6, 1935, in the presence of the steward, directed the steward to comply with the liquor law.

The third reason does not impress us very forcibly. No club can by some smug resolution escape responsibility for the manner in which its servants conduct the business of the club entrusted to them: Emaus Nest of Owls' License, 29 D. & C. 106.

The second reason has some force in mitigation of the penalty, and especially in connection with the death of the offending steward, but is no legal bar to the proceedings to revoke. The application to revoke, while made almost four and one half months after the last violation, was made

during the license year, and, therefore, was in time. The dictum in Seila's Liquor License Case, 124 Pa. Superior Ct. 519, concerning delay, undoubtedly is limited to proceedings begun after the expiration of the license year.

We have, however, taken into consideration, in fixing the penalty for violation of the liquor laws, the fact that delay in bringing action has deprived respondents of their only possible witness, namely, William Leiby, the steward, who died in December 1936.

There is no reason to doubt the testimony of the enforcement officers, and we have accepted it as verity in determining that the liquor laws have been violated. Since the law leaves to this court discretion as to the penalty to be imposed, it must be upon the theory that not all infractions deserve the maximum penalty of revocation. We cannot tell what light might have been shed upon the case by the one who is accused of violating the law and therefore hesitate to impose this maximum penalty in this case. We again emphasize the fact, however, that each case must stand upon its own facts and that flagrant violation of the law subjects the licensee to revocation and the consequent forfeiture of his bond.

We are informed that no action has been taken by the Pennsylvania Liquor Control Board upon the application for a renewal of the license for the year beginning February 1, 1937. No license should, of course, be granted during the period of suspension hereinafter decreed. Thereafter, the granting or refusal of a license will become a matter for the discretion of the Pennsylvania Liquor Control Board, provided they are then convinced of the validity of respondent's membership. While we recognize the propriety of having a group of "contributing" members under certain circumstances, a set-up of only 26 active members with 400 to 500 contributory members deserves careful scrutiny: See In re Scottdale Country Club, August term, 1933, no. 47, Q. S. of Westmoreland County.

And now, March 22, 1937, upon consideration of the testimony in the above entitled action, respondent, River-

side Drum Corps Association, Inc., is found to have violated the laws of the Commonwealth of Pennsylvania relating to the sale of liquor while holding a club license under the Pennsylvania Liquor Control Board for the year ending January 31, 1937, by having on July 24th, August 5th, and September 15, 1936, sold liquor to non-members of said club. It is, therefore, ordered and decreed that the club liquor license of said Riverside Drum Corps Association, Inc., be suspended for the period of six months from February 1, 1937, and that said club pay the costs of these proceedings.