West Philadelphia Turn Und Schul Verien's
Liquor License Case

54

Argued September 27, 1937.

Before, KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES, and RHODES, JJ.

*Marshall H. Morgan,* with him *Franklin J. Graham,* for appellant.

*Thomas I. Guerin,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, for appellee.

OPINION BY CUNNINGHAM, J., November 10, 1937:

The appellant was the holder of a club liquor license for a term beginning January 11, and expiring October 31, 1936. On November 16, 1936, the Attorney General filed in the court below a petition for the revocation of the license upon the ground of violations of our liquor laws. At the hearing, the uncontradicted evidence

showed several violations of the laws relating to the issuing of liquor licenses to clubs and the manner in which the privileges granted thereunder must be exercised—particularly, sales of liquor on August 25, 1936, to persons who were not members of the club. The petition prayed only for the revocation of the license.

The proceedings below resulted in the entering of a decree on February 8, 1937, revoking the license and forfeiting the bond of Inland Bonding Company, filed by appellant with the Pennsylvania Liquor Control Board, in connection with the obtaining of its license. The present appeal is from that decree and counsel for appellant have thus stated the questions involved:

"Should the court have ordered the revocation of a club liquor license, in proceedings instituted under the Act of July 18, 1935, P. L. 1246, [47 PS § 744-410] where the petition for revocation was filed sixteen days beyond the expiration date of the license, and almost three months after the violations were committed, and where no reason for the delay had been assigned?

"Where a petition filed under the Liquor Control Act ......does not pray for forefeiture of the bond, but merely for revocation of the license, may the court, nevertheless, order the bond forfeited?"

As to the first question, an examination of the record in the case now at bar discloses there is not sufficient difference in the facts developed at the hearing in the court below to distinguish it from *Seila's Liquor License Case,* 124 Pa. Superior Ct. 519, 190 A. 203. The only difference is that here a slightly longer period of time elapsed between the date of the expiration of the license and the filing of the petition by the Attorney General. We are satisfied the hearing judge was not guilty of any abuse of discretion in concluding that the officials charged with the enforcement of the liquor laws acted "with reasonable promptness" in the present case. Upon the authority, therefore, of the Seila case and the other

cases therein cited, the portion of the present decree revoking the license should be affirmed.

In disposing of the second question propounded by counsel for appellant, it is to be noted that both the licensee and the surety obtained rules in the court below to show cause why the decree now appealed from should not be amended by striking out the provisions thereof forfeiting the bond, which rules, after argument thereon, were discharged.

We had occasion in *DeLucca's Liquor License Case,* 124 Pa. Superior Ct. 500, 190 A. 195, to consider the legislation authorizing the forfeiture of such bonds. The petition of the Attorney General in that case did not contain a prayer for the forfeiture of the bond, but, as more substantial questions than that of the sufficiency of the petition to sustain a decree of forfeiture were involved in that case, we expressly passed "the question whether the decree [was] properly supported by the petition." However, at page 509 of the opinion in the DeLucca case it was said: "It is to be observed that the forfeiture of the surety's bond is not an integral part of a decree of revocation; it is merely an incident thereto which......may or may not follow from a decree of revocation—depending upon the grounds for the revocation. The language of the statute is that when the license is revoked the court 'may' forfeit the bond."

It would be better practice, when the Attorney General seeks the revocation of a license upon grounds which would also justify the forfeiture of the licensee's bond, to include a prayer for such forfeiture. The question of the forfeiture of the bond has been committed by the legislature largely to the discretion of the hearing judge, to be exercised by him in the light of the facts developed at the hearing, and we now hold that the omission of a prayer for forfeiture does not deprive the court of quarter sessions of power to forfeit the bond when it appears from the evidence that a proper ground for forfeiture exists. Under the testimony brought up

with this record the court below was fully warranted in forfeiting the bond.

Decree affirmed.