## Fernwood Hotel License

R. *Paul Lessy*, for licensee.

D. *Malcolm Hodge*, for surety.

*Joseph P. Pappano*, Special Deputy Attorney General, for Commonwealth.

FRONEFIELD, P. J., January 31, 1939.—On October 27, 1936, the Pennsylvania Liquor Control Board issued to Enrico Bena Morggiorino, a hotel liquor license for premises No. 714 Baltimore Avenue, Fernwood, Delaware County, Pa., for the license year beginning November 1, 1936, and ending October 31, 1937. On August 13, 1937, a citation was issued against the licensee for violation of the Liquor Control Acts on November 24, 1936, December 9, 1936, January 9, 1937, and February 26, 1937. A hearing was had on September 28, 1937, The Liquor Control Board, after hearing with notice, notified the licensee that the liquor license was revoked and the bond forfeited, from which order the licensee appealed to the court. On October 9, 1937, a full hearing was had before

the court, and on October 22, 1937, an order was filed sustaining the action of the board in revoking the license and in forfeiting the bond.

On November 18, 1937, nearly a month after the order was filed sustaining the board, the case again appeared on the testimony list, at which time counsel for the licensee stated that the case was set down for argument instead of testimony and requested that the case be continued until December: that no application is pending for a new license and "the only testimony we are going to offer" is from ladies of the neighborhood . . . to testify as to its reputation," whereupon the case was continued until December 6th, to hear this testimony. There was no further testimony offered.

On September 17, 1938, about eleven months later the Maryland Casualty Company presented its petition setting forth, inter alia, that it was surety on the licensee's bond for the license year from November 1, 1936, to October 31, 1937, reciting only the condition thereof and the proceeding against the licensee in the proceedings revoking the license and forfeiting the bond, the appeal of the licensee; the hearing of testimony and the order of the court. The petition further avers that the surety (petitioner) did not receive any notice of the proceedings and did not participate therein.

The record in the case shows that after the hearing on October 9, 1937, there was no continuance for testimony or argument, but the case appeared on the testimony list on November 17th, at which time the attorney for licensee was in court and asked to take more testimony on December 6th, which was permitted, but no testimony was taken and a stipulation is now filed on January 13, 1939, that the testimony is closed and the decision may be made upon the record as it now stands.

The surety avers that the order of the board forfeiting the bond was not based on any violation of the Pennsylvania Liquor Control Act of July 18, 1935, P. L. 1246,

or the rules and regulations of the board for the reasons that "The giving of extremely vulgar shows was not a basis for the revocation of the license" and the forfeiture of the bond nor was "solicitation for a consideration of men to accompany women, who were frequenters of the house, to the bed rooms on the second floor of the hotel property for immoral purposes . . .," such a basis, that petitioner, not being a party to, and not having received notice of, the proceedings, is in danger of being deprived of $2,000, the amount of the bond, without due process of law and therefore prays the court that it be permitted to intervene in this proceeding and show why the order of the court, entered October 22, 1937, should not be revoked insofar as it ordered the forfeiture of said bond.

The board filed an answer to this petition averring that the surety is not entitled to receive notice of revocation proceedings and hence cannot participate therein; that there is nothing on record giving leave to the licensee to produce further testimony; that the matter was continued at the request of the board relying on the statement of the attorney for the licensee that additional testimony was to be heard and since no additional testimony has at any time been presented, the order of the court handed down on October 22, 1937, is final; that the surety is not a party to the revocation proceedings and therefore cannot question the opinion of the court, and since no appeal has been taken from the court's order, that order is final and conclusive; that the licensee was at the hearing before the board and in court.

The Pennsylvania Liquor Control Act of 1935, supra, sec. 410 provides:

"After a license has been issued under the provisions of this act, upon the petition of the Attorney General, the board, the district attorney of any county, or upon the petition of fifteen or more taxpayers, residents of the ward, borough or township where the place of business is located, the court of quarter sessions of the proper

county, *upon sufficient cause being shown*, or proof being made that the licensee holding a license . . . has . . . violated any of the laws of this Commonwealth relating to liquors, malt or brewed beverages or alcohol or other alcoholic beverages, may, upon due notice and proper hearing being given to the person so licensed and complained against, suspend or revoke the license issued under the provisions of this act. When a license is revoked, the licensee's bond may be forfeited."

It is said in Revocation of Mark's License, 115 Pa. Superior Ct. 256, that the court may revoke a malt liquor license "upon sufficient cause being shown" for reasons other than the violation of the liquor law. The clause "upon sufficient cause being shown" does not appear in the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, sec. 410, but it does appear in the Act of March 22, 1867, P. L. 40, and in the Act of May 13, 1887, P. L. 108, sec. 7, where licenses were revoked for other than liquor violations under the clause "upon sufficient cause being shown" as distinguished from "proof being made." Revocation of Mark's License, supra; Dolan's Appeal 108 Pa. 564.

Section 410 of the said act also provides that "when a license is revoked, the licensee's bond may be forfeited." The act does not direct that the bond be forfeited, but only that it may be forfeited, which is "largely within the discretion of the hearing judge, to be exercised by him in the light of the facts developed at the hearing": West Philadelphia Turn Und Schul Verien's Liquor License Case, 129 Pa. Superior Ct. 53. See also De Lucca's Liquor License Case, 124 Pa. Superior Ct. 500.

The agreement attached to the condition of the bond provides that "upon violation . . . of any laws of this Commonwealth . . . and upon the revocation of the license aforesaid for any such violation during the continuance of such license, the full amount of this bond shall be due and payable."

It is contended that the condition of the bond applies only to the violation of the liquor laws. If this is the proper construction then there is no reason why there should be any more to the condition in the bond or to the agreement than a violation of the Liquor Control Act and the rules and regulations by the Liquor Control Board relating to liquor. There is more to the agreement where it provides that the obligors "do agree with the Commonwealth of Pennsylvania that upon violations . . . of any laws of this Commonwealth . . . and upon the revocation of the license aforesaid for any such violation during the continuance of said license the full amount of this bond shall be due and payable."

There is not sufficient evidence in the case to justify a finding that the licensee violated the liquor law at the time the investigation was going on.

The only statement made is that during an obscene show, two men suggested that they bring "the kid" into the show, which they did, and while there he was treated to a glass of beer and one of the investigators testified that he looked to him as being about eighteen years of age, which is the only evidence in the case upon this question.

However, the record clearly shows that the licensee, either personally or through his agents or employes, was conducting a disorderly house and permitting obscene shows to be given in the licensed premises. Therefore, there was "sufficient cause shown" to justify the revocation of the license and the order of this court sustaining the action of the board. Furthermore, these acts were so flagrant that the hearing judge was clearly justified in forfeiting the bond.

And now, to wit, January 31, 1939, we allow the surety to intervene and have passed upon all the questions it raised in its argument and after full consideration of the case, we find no reason to change the order of October 22, 1937, and the revocation of the license and the forfeiture of the bond therefore stands.