## Cohen's License

*Marshall H. Morgan,* for appellant.

*J. Myron Shimer,* for Pennsylvania Liquor Control Board.

LEWIS, J., September 11, 1941.—The present appeals were presented to us upon the record taken before an examiner of the Liquor Control Board. That record,

by stipulation of the parties, includes excerpts from testimony presented to the board in cases involving the license of the United Beverage Corporation. The board under date of April 10, 1941 (the same date that the board revoked the licenses of Jacob Cohen), revoked the beer distributor licenses of the United Beverage Corporation for the following reasons:

1. The licensee procured distributor's license no. TD2-0352 (D-1352) through fraud and misrepresentation.

2. The licensee received and accepted things of value from another licensee, which constitutes an inducement to purchase malt or brewed beverages.

3. The licensee has had interlocking business relationships with other licensees, contrary to the provisions of the Beverage License Law.

4. The licensee failed to keep complete and truthful records covering the operation of the licensed business.

5. The licensee deliberately falsified the records covering the operation of the licensed business.

From the order revoking the licenses of the United Beverage Corporation, that corporation appealed to this court (775 and 778 miscellaneous docket). The appeals of Jacob Cohen and the appeals of United Beverage Corporation were argued together on June 6, 1941, and, under date of July 1, 1941, the writer dismissed all the appeals and hence sustained the order of the board in revoking the licenses.

It is to be conceded that the record in the Jacob Cohen cases does not in and of itself support the reasons assigned by the board and adopted by this court for revoking the licenses of Jacob Cohen. However, if the testimony in the United Beverage Corporation cases is considered as a part of the cases against Jacob Cohen, then in our opinion the grounds assigned by the board for revoking the licenses of Jacob Cohen are sound.

For the reasons hereinafter given, we take judicial notice of the record in the cases against the United Beverage Corporation and order that the record therein shall be made a part of the record in the appeals of Jacob Cohen. This order is made despite the general rule of law to the effect that "At all times the true rule has been, and still is, that 'Courts, including those of probate, cannot in one case take judicial notice of their own records in another and different case, even though the trial judge in fact knows or remembers the contents thereof' (23 Corpus Juris 113), except, perhaps, in a few rare instances": Steel v. Levy, 282 Pa. 338, 342.

The established facts in the United Beverage Corporation cases were proven by the books and records of the corporation and by the declarations and admissions of the agents and officers of that company made to officers of the Liquor Control Board. These facts were thus established beyond any doubt.

From a consideration of the records in these cases, we find the facts to be:

A Nathan Cohen held a beer distributor's license issued by the County of Philadelphia during the years 1933, 1934, and 1935, and traded under the name of Mid-City Beverage Company. When the law was changed requiring Nathan Cohen to obtain a license from the Pennsylvania Liquor Control Board, the said Nathan Cohen applied to that board for a beer distributor's license for the year 1936. The board refused to grant such a license to Nathan Cohen for the reason that he had deliberately and falsely failed to list certain arrests on his sworn application for a license. Nathan Cohen appealed to the Quarter Sessions Court of Philadelphia County, which court dismissed the appeal on February 14, 1936, and affirmed the board's order of refusal. At the same time, and in connection with that appeal, Judge Heiligman sat as a committing magistrate and held Nathan Cohen on a charge of per-

jury. To this charge Nathan Cohen pleaded guilty before Judge Lamberton, and on May 10, 1936, he paid a fine of $100 and costs.

On March 4, 1936 (less than a month after the dismissal of the Mid-City license appeal), Isaac Cohen, trading as United Beverage Company, applied to the liquor board for a distributor's license, which license was granted to him on May 12, 1936. The license of Isaac Cohen, trading as United Beverage Company, was renewed for the years 1937, 1938, and 1939, and was transferred to the United Beverage Corporation on July 27, 1939. The United Beverage Corporation renewed the license for the year 1940.

The records in this court clearly show that Nathan Cohen and not Isaac Cohen was the real and beneficial owner of the United Beverage Company, and later of the United Beverage Corporation. We now refer to the part that Jacob Cohen played in aiding and assisting Nathan Cohen in the operation of the United Beverage Company, and, later, in the operation of the United Beverage Corporation:

On June 12, 1936, Nathan Cohen and Jacob Cohen (the son of Isaac Cohen) went to the Mitten Bank of Philadelphia and saw Mr. Heath, assistant treasurer of said bank. Nathan Cohen, having been known to Mr. Heath for some years, introduced Jacob Cohen to Mr. Heath as Isaac Cohen, and described him to Mr. Heath as being the owner of United Beverage Company. (Isaac is the father of Jacob, but there is no relationship between them and Nathan Cohen.) Accordingly, Jacob Cohen signed a signature card (exhibit 1 Jacob Cohen case, and exhibit 15 United Beverage Corporation case) "I. Cohen", together with a power of attorney. The power of attorney (exhibit 2 Jacob Cohen case and Exhibit 16 United Beverage Corporation case) was signed "United Beverage Co. Isaac Cohen, I. Cohen, individually". The bank officer stated that the power of attorney was written by Jacob Cohen,

and that it was witnessed by Nathan Cohen, who witnessed the instrument by signing the name of "Ed Cohen" (the name under which Nathan Cohen had a savings account in the Mitten Bank). The above-mentioned power of attorney authorized one J. Sadoff to draw checks against the United Beverage Company in the Mitten Bank. Mr. Heath also testified that no other persons were present when the account was opened. Jacob Cohen, the licensee, stated that his father, Isaac, was present when the account was opened. However, Isaac Cohen was not called in the United Beverage Corporation cases, and neither was he called by his son in the Jacob Cohen cases. Isaac Cohen at no time explained his connection with the United Beverage Company or the United Beverage Corporation, and no satisfactory explanation was offered by the several licensees of the fact that Isaac Cohen was not called upon to testify. Mr. Heath further testified that the account was active until it was closed out on December 13, 1939.

Jacob Cohen also aided and assisted Nathan Cohen in continuing the fraud and misrepresentation through his dealings with the bank account of the United Beverage Company. This is shown by the checks (exhibits 22, 27, 28, and 29 United Beverage Corporation cases) as introduced in the United case and made a part of the case against Jacob Cohen. Exhibit 22 is a check dated February 3, 1939, drawn by Jacob Cohen against his account at the Gimbel Bank and cashed at the Mitten Bank. This check was endorsed with the words "United Beverage Isaac Cohen". However, the endorsement was actually by Jacob Cohen.

Exhibits 27, 28, and 29 are checks dated July 3, 1939, August 14, 1939, and September 8, 1939, drawn by United Beverage Company against the Mitten Bank. These checks were made payable to and endorsed "I. Cohen" or "Isaac Cohen". All of them, however, were actually endorsed and cashed by Jacob Cohen. No satisfactory explanation was given of the disposition

Jacob Cohen made of the funds obtained by the above-mentioned checks.

Exhibit 4 Jacob Cohen case and Exhibit 32 United Beverage Corporation case is a copy of a conditional sale contract which on its face discloses that Central Auto Exchange sold a GMC truck to Isaac Cohen. This contract bears the written words "Isaac Cohen", although actually it was signed by Jacob Cohen. An application for a certificate of title and license tags for this truck was ostensibly made by Isaac Cohen (exhibit 3 Jacob Cohen case and exhibit 31 United Beverage case). However, this application was actually signed by Jacob Cohen. *The same truck was used by the United Beverage Company in conducting its business as a beer distributor.* Obviously, Jacob Cohen executed these documents for the benefit and convenience of Nathan Cohen, the real owner of United Beverage Corporation.

In answer to the Commonwealth's testimony Jacob Cohen was the only witness called. He stated that his father, Isaac, is 75 years of age, and that Isaac could not read or write English. He stated that his father owned and operated the United Beverage Corporation, and because it is difficult for his father to sign his name the father authorized him to sign checks. It is significant that while Jacob Cohen professed to act for his father, with whom he lived for five or six years during the time when his father was the alleged owner of the United Beverage Company, he, Jacob, knew little or nothing about his father's beer distributing business.

The facts in the cases are so interdependent and of such character that in the interest of justice they should be considered together. If this were not done, then a licensee such as Jacob Cohen, although he does business under a privilege granted by the Commonwealth, may successfully practice deceit and fraud against the grantor of that privilege. We do not so read the law.

This is one of the rare instances when a court can take judicial notice of its own records, and it comes within an exception to the general rule quoted above, as set forth in the case of Hall v. Hall, 122 Pa. Superior Ct. 242. In that case the lower court took judicial notice that a prior action in divorce was filed in its own court. The Superior Court held that the lower court could take judicial notice in a divorce action because (p. 246) ". . . a divorce proceeding is different from an ordinary civil action, as it has its own distinguishing features to be considered . . . the state, because of its concern in maintaining the marriage relation . . . is an interested party." Likewise, in the present case, the Commonwealth is an interested party because it has set up the liquor board as its own agency to control the manufacture, transportation, and sale of intoxicating beverages, in order that the health, safety, and welfare of its citizens may be protected. That protection cannot be secured if licensees such as Jacob Cohen are permitted to sell intoxicating beverages.

Hence, we hold that the evidence, as above considered, was sufficient in law to sustain the board's charges against Jacob Cohen.

At the oral argument before the court, a question was raised as to whether or not the citations were issued within the time allowed by law. The Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, provides that a citation may issue "within one year from the date of such violation or cause appearing." From the evidence we find that Jacob Cohen was active in the affairs of the United Beverage Company as early as June 12, 1936. His activities continued until, at least, as late as September 8, 1939, which date is after the incorporation of United Beverage Corporation and after the transfer of the license from the United Beverage Company to the United Beverage Corporation.

Prior to the time when the provision was inserted in the law requiring a citation to be issued "within one

year from the date of such violation or cause appearing", the Superior Court held in the case of Seila's Liquor License Case, 124 Pa. Superior Ct. 519, 525:

"It is impossible to fix a definite limit of time within which a petition must be filed, and each case must, therefore, be disposed of upon its own facts and through the exercise of sound judicial discretion, but having in mind the manifest intent of the legislature that such proceedings must be instituted and prosecuted with due diligence."

The investigation relative to the cases of United Beverage Corporation and Jacob Cohen began in May 1940, and continued until September 1940. The board issued a citation against Jacob Cohen on October 10, 1940. The board in this case issued the process within one year after the cause was unfolded, and we conclude, therefore, that the citations were issued within the time prescribed by law.