PEOPLE ex rel. KEESEVILLE, A. C. & L. C. R. CO. v. POWERS et al.

(Supreme Court, Appellate Division, Third Department. June 28, 1911.)

1. MANDAMUS (§ 129*)—BOOKS AND PAPERS—DELIVERY TO SUCCESSOR.

On mandamus to compel corporate officers to deliver books and papers to their successors, it is no defense that the books are not in defendants' custody, and that they delivered them to some stranger, it being their duty to have the books in custody or to regain them for delivery to their successors.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 264; Dec. Dig. § 129.*]

2. MANDAMUS (§ 129*)—SUBJECTS OF RELIEF—CORPORATE AFFAIRS.

Mandamus lies to compel an outgoing corporate officer to deliver books and papers belonging to the corporation.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 264; Dec. Dig. § 129.*]

Betts, J., dissenting in part.

Appeal from Special Term, Clinton County.

Mandamus proceeding by the People of the State of New York, on relation of the Keeseville, Ausable Chasm & Lake Champlain Railroad Company, against Joseph A. Powers and others. From an order denying a peremptory writ, plaintiff appeals. Reversed, and motion granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

Frank E. Smith and Thomas B. Cotter, for appellant.

D. Cady Herrick, for respondents.

PER CURIAM. [1] It is unimportant whether the practice pursued in receiving the reply affidavit on the motion herein was right or wrong. It was unnecessary, for, notwithstanding the defendant's answer, there was no denial that they as outgoing officers of the relator had not delivered over to the corporation and its incoming officers its books and papers. It was no defense to say that the books were not in defendant's actual custody, and that they had voluntarily turned them over to some stranger. It was the duty of the defendants as officers of the relator corporation to have the books in custody, and, if they were not in actual custody, to regain them so that they could deliver them to the new officers elected in their places.

[2] Mandamus is the proper remedy to compel an outgoing officer of a corporation to deliver over books and papers belonging to the corporation, and ordinarily a mandamus would be granted without question compelling such officer so to do. In the present case, however, there has been much litigation between the defendants and the relator and others, and there is now pending a reference for an accounting as the result of the decision in Callanan v. K., A. C. & L. C. R. R. Co., 199 N. Y. 268, 92 N. E. 747, on which reference the books and papers in question will be often referred to, and their presence and production will be necessary to establish the rights of the various parties. Under the circumstances, we think the better way is to direct

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that all books and papers of the relator corporation be delivered by the defendants to the county clerk of Clinton county. He can arrange for such inspection and access by the relator as is necessary for the carrying on of its business, and at the same time the books will be accessible to the other parties for such use as may be required.

The order appealed from should be reversed, with $10 costs and disbursements, and a mandamus granted, without costs, directing the defendants to deliver forthwith to the county clerk of Clinton county the specified books and papers, subject to the inspection of either party and subject to the order of the referee or court for the purposes of the trial of the Callanan action. All concur except BETTS, J., who concurs as to reversal and as to the issue of writ, but dissents as to giving books to county clerk, and holds that the books should be returned to relators, the owners of same.