T. L. Eyre, Respondent, *v.* J. Norton Wood, as Mayor of the City of Elmira, and Others, Appellants.

Third Department, November 15, 1922.

Mandamus — peremptory mandamus to compel payment by city of final estimate on bridge — denials on information and belief do not raise issue — such denials accompanied by affirmative allegations of facts in contradiction raise issues — certificate of engineer of final estimate did not prevent raising issue of non-performance — petitioner not entitled to peremptory order.

On an application for a peremptory mandamus order to compel a city to pay the final estimate on a contract for the construction of a bridge, denials made upon information and belief of facts alleged in the petition do not raise an issue of fact, but where such denials are accompanied by affirmative allegations of fact in contradiction of the statements made in the petition issues of fact are raised and a peremptory order of mandamus should not be granted.

The act of the engineer named in the contract in certifying the final estimate for payment did not foreclose the defendants from raising the issue of non-performance though the contract provided that no certificate given or payment made, " except the final certificate or final payment, shall be evidence of the performance of this contract," for under the clause stated the engineer's certificate was not conclusive evidence of full performance.

Non-performance of the contract having been asserted, the petitioner was not entitled to a peremptory mandamus order compelling the payment of the balance of the contract price.

Appeal by the defendants, J. Norton Wood and others, from a peremptory mandamus order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Chemung on the 15th day of May, 1922, commanding them forthwith to accept the new Main Street bridge in the city of Elmira and to exercise their official powers to provide for the payment for the same.

*Herschel L. Gardner* [*Harry Moseson* of counsel], for the appellants.

*John C. Wait* [*John C. Wait* and *Howard G. Wilson* of counsel], for the respondent.

H. T. Kellogg, Acting P. J.:

The petitioner and the city of Elmira entered into a contract whereby the former agreed to erect a concrete bridge over the Chemung river, and the latter agreed to pay the former therefor a certain lump sum price, plus additional sums, to be reckoned at specified unit prices, for additional quantities of work performed and materials furnished. The formal contract between the parties by reference embodied certain plans and specifications, the pro-

posal of the petitioner, and an engineer's estimate of quantities. The petitioner so prosecuted performance of his contract obligations that the engineer, designated in the contract to make estimates of payments due, made a final estimate certifying that a certain sum was payable to the petitioner as for a final payment upon a fully performed contract. The city of Elmira refused to make payment in accordance with the estimate. Thereupon the petitioner made application, and a peremptory mandamus order, directing the defendant officers of the city of Elmira to accept the work performed and to cause the amount of the final estimate to be paid to the petitioner, was made. From that order this appeal was taken.

The petitioner alleged in his petition that the contract had been fully performed by him. The defendant officers, in their opposing affidavits, denied the allegation of full performance upon information and belief. In addition the defendant officers therein affirmatively alleged upon knowledge certain material facts, among others, as follows: That certain pile driving contracted to be done had been done in an unsatisfactory manner; that twenty-five piles were driven with a drop hammer and did not attain the penetration provided for by the contract; that because thereof the city was entitled to a deduction of $600 from the contract price; that 217 additional piles were faultily driven; that said piles were but one-half as long as the piles specified in the contract; that because thereof the city was entitled to a deduction of $5,425; that the sand and gravel used in the construction of the bridge did not conform to contract specifications; that they were not free from dirt; that they were not screened; that they were not of the size specified; that the backs of the abutments to the bridge were not waterproofed as specified in the contract; that two bridge piers were not constructed as contracted for; that the rip rap around the piers was not made of stone of the specified sizes; that it was mixed with loose mortar and debris; that it was not laid in a careful manner; that it was not laid to the depth required. It has been held that upon an application for a writ of peremptory mandamus positive allegations contained in moving papers are not contradicted by denials thereof upon information and belief made in opposing papers, so that issues of fact are thereby created. (*People ex rel. Kelly* v. *Common Council,* 77 N. Y. 503.) On the other hand, if the denials so made are accompanied by affirmative allegations setting forth facts in contradiction, issues of fact are thereby made. (*People ex rel. Frost* v. *N. Y. C. & H. R. R. R. Co.,* 168 N. Y. 187.) In our case, the defendants on knowledge affirmatively alleged facts of non-performance, and thereby created an issue.

The argument that the act of the engineer, named in the contract,

in certifying the final estimate for payment, foreclosed the defendants from raising the issue of non-performance, was not well made. The specifications, attached to and made a part of the contract, provide as follows: " It is further mutually agreed between the parties hereto that no certificate given or payment made under this contract, except the final certificate or final payment, shall be evidence of the performance of this contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials." Under this clause the final certificate of the engineer would constitute *evidence* of the performance of the contract. It is nowhere provided in the contract that the final certificate shall become *conclusive* evidence of full performance. In the absence of such a provision the way was open to these defendants to make the issue of non-performance. Non-performance of the contract having been asserted, the petitioner was not entitled to a peremptory mandamus order to compel the payment of the balance of the contract price.

The order should be reversed and the application dismissed, with costs.

KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ., concur.

Order reversed on the law, with fifty dollars costs and disbursements, and application dismissed.