In the Matter of the Application of EMIL LENC and Others, as President, etc., of the SUPREME LODGE C. S. B. P. J. BOHEMIAN SLAVONIC FRATERNAL BENEFIT UNION, Appellants, for a Peremptory Mandamus Order against AUGUST R. ZICHA and Others, as Former President, etc., of the SUPREME LODGE C. S. B. P. J. BOHEMIAN SLAVONIC FRATERNAL BENEFIT UNION, Respondents.

First Department, March 23, 1928.

Corporations — membership corporation — mandamus to compel outgoing officers to deliver books to incoming officers of foreign membership corporation — issue of fact not raised by denials on information and belief — failure to obtain certificate of authority not defense — title to office may be determined where facts not in issue — mandamus lies to compel delivery of books by corporate officers — incoming officers were duly elected under corporate resolution.

The incoming officers of a foreign membership corporation seek by mandamus to compel the outgoing officers to deliver the books and papers of the corporation.

The record shows that there are no disputed facts and, therefore, the return which contained only denials upon information and belief raised no substantial issue of fact. Therefore, a peremptory order may issue.

The defense that the corporation is a foreign corporation and that it has not secured a certificate of authority to do business here is without merit for the present proceedings are not upon a contract made in this State nor to obtain relief by reason of any business transacted in this State. Furthermore, if any such delinquency exists it was brought about by the failure of the defendants to perform their duty.

There is no issue of fact involved in this proceeding and, therefore, the court may determine the title of the respective parties to office. Quo warranto lies only where the facts are disputed.

Mandamus is the proper remedy to compel outgoing officers of a corporation to deliver the books of the corporation to the incoming officers.

A resolution of the corporation provides that before a " session of this convention can be called to order, a quorum of three-fourths of all elected delegates is necessary." The resolution also provides that all important matters shall be decided by a majority. Under that resolution, three-fourths having been present when the session was called to order, the officers could thereafter be elected by a majority, and, therefore, the fact that a minority of the delegates left the meeting did not invalidate the election.

APPEAL by the petitioners from an order granting an alternative mandamus order, entered in the office of the clerk of the county of New York on the 13th day of January, 1928.

*John Proctor Clarke* of counsel [*Reginald F. Isaacs*, attorney], for the appellants.

*Reginald Field* of counsel [*Abraham Axelrod*, attorney], for the respondents.

FINCH, J. The petitioners sought at Special Term a peremptory order of mandamus to compel the defendants to turn over to petitioners, as the duly elected officers of a fraternal union, all books, records, papers, funds and securities belonging to the union. The defendants interposed a return in which they attempted to put in issue the material allegations of the petition by denials upon information and belief, supplemented by affirmative allegations of fact. The defendants urge, as a first defense, that there are issues of fact to be tried and hence a peremptory order of mandamus may not issue, and this was the view of the learned court at Special Term. It appears, however, upon this record that there are no issues of fact in dispute. In such a case where positive allegations are contained in the moving papers and it clearly appears that only questions of law and not of fact are presented for determination, and the right to a peremptory mandamus otherwise exists, such right cannot be thwarted by mere denials upon information and belief which raise no substantial issue. (*People ex rel. Kelly v. Common Council*, 77 N. Y. 503; *Eyre v. Wood*, 203 App. Div.

306.) The defendants next urge, by way of defense, that the union was a non-resident corporation and had failed to obtain a license to do business in this State; therefore, contending that the court was without jurisdiction in the premises. An answer to this contention is that this action is not upon contract nor to obtain relief by reason of any business transacted in the State of New York. (*Hoevel Sandblast Machine Co.* v. *Hoevel*, 167 App. Div. 548.) In addition, however, any attempt to punish the corporation by denying it relief in this proceeding because of its having failed to procure a certificate to do business, is not available to these defendants since such delinquency, if any, occurred during their incumbency of the office. The defendants next urge that mandamus will not lie to try title to office in a corporation, citing *People ex rel. Manice* v. *Powell* (201 N. Y. 194). This is a wrong application of a correct principle. If issues of fact were involved, mandamus would not lie and the defense would be good. Where, as here, however, no issues of fact are involved and only questions of law arise, mandamus is the proper remedy. (*People ex rel. Urban W. S. Co.* v. *Connolly*, 164 App. Div. 163; affd., 213 N. Y. 706.) Otherwise the plaintiffs would be without remedy, since the remedy of quo warranto only lies where the facts are in dispute. (*People ex rel. Kelly* v. *Common Council*, 77 N. Y. 503.) One of the objects of quo warranto is to ascertain the facts. (*People ex rel. Kelly* v. *Common Council, supra.*) Lastly, in opposition to an order of mandamus being the proper remedy, the defendants urge that a writ or order of mandamus runs only against public officers or corporations, citing *Matter of Weidenfeld* v. *Keppler* (84 App. Div. 235). It has long been settled, however, that mandamus is the proper remedy to compel the delivery over of books and papers held in the right of a corporation by outgoing officers. (*People ex rel. Keeseville, etc., Co.* v. *Powers*, 145 App. Div. 693.)

Having thus shown that none of the defenses urged by the defendants against an order of mandamus as not being the proper remedy, are tenable, we are brought to a consideration of the real controversy between the parties. The defendants urge that the convention of this fraternal order adopted a resolution providing that a quorum should consist of three-fourths of all the elected delegates and that when the seceding faction departed, a majority could not legally do any further business; hence the election of the petitioners by a majority vote was void. Aside from any question as to the validity of such a resolution, if construed as contended for by the defendants, a complete answer to this contention is that the resolution in question only provided that a quorum of three-fourths of the elected delegates was necessary before a session of

the convention could be called to order and that all important matters were to be decided by a majority. In the absence of a clear direction to the contrary, a court will not hold that a minority of the convention by a willful secession, could dominate and control a majority of the convention. The resolution is as follows:

" (3) Before a session of this convention can be called to order, a quorum of three-fourths of all elected delegates is necessary.    *    *    *

" All important matters or reports of committees, etc., will be done by roll call and will be decided by a majority."

By the express wording of this resolution it is only provided that a quorum of three-fourths of all the elected delegates shall be present before the convention can be called to order, and thereafter expressly provides that all important matters shall be decided by a majority. This unusual number for a quorum is confined solely to the opening of the session. The election of the new officers was one of the most important acts to come before the convention and, when the minority voluntarily departed, the majority was well within its rights in proceeding to elect the officers and there is nothing in this resolution which hampers the inherent right of a majority to proceed. (Cushing's Manual, sec. IV, rule 24.) The normal right to proceed lies with a majority and any departure from this must be construed with this fact in mind.

It follows that the order appealed from should be modified by granting a peremptory order of mandamus and, as so modified affirmed, with ten dollars costs and disbursements to the appellants.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Order modified by granting a peremptory order of mandamus, and as so modified affirmed, with ten dollars costs and disbursements to the appellants. Settle order on notice.