In re Application to Suspend or Revoke State Liquor License No. 971, EDMUND BURKE, Supervisor of Liquor Control of the STATE OF MISSOURI, Appellant, v. MARTHA FRANCES COLEMAN.—No. 40020. —202 S. W. (2d) 809.

Division Two, June 9, 1947.

*J. E. Taylor,* Attorney General, *Will F. Berry* and *William C. Blair,* Assistant Attorneys General, for appellant.

*F. J. Frankenhoff* for respondent.

■ BARRETT, C.—After a notice and hearing the supervisor of liquor control revoked Martha Frances Coleman's license to sell nonintoxicating beer at the "Dew Drop Inn," 1804 Messanie Street, St. Joseph. Upon review the Circuit Court of Buchanan County reversed the supervisor's order on the ground that the "decision is against the weight of the evidence and is not supported by competent, substantial evidence on the whole record." It is contended upon this appeal by the supervisor that his order was authorized by law, that it was supported by competent and substantial evidence and, therefore, the circuit court was in error in setting it aside.

■ The license was issued on the 1st day of July 1945 and since it expired on June 30, 1946, it has been suggested that the case has become moot and should therefore be dismissed. As a matter of fact there have been several cases in other jurisdictions (Agee v. Cate, 180 Ala. 522, 61 So. 900; Yent v. State, 66 Fla. 336, 63 So. 452; Hale v. Berg, 41 Ind. App. 48, 83 N. E. 357; State ex rel. Hollingsworth v. Armstrong, 94 Neb. 592, 143 N. W. 931), decided in another day, which have considered the expiration of the license prior to appellate review such a supervening event as to render moot that which, except for the event, would be a controversy upon which judicial power could and would act. 42 Am. Jur., Sec. 193, p. 571; 53 Har. L. R. 628. In those cases a county board had issued a liquor license, or a circuit court had mandamused the issuance of a license, and objectors had appealed, the license expiring in the meanwhile. Those cases were put upon the ground that the court's judgment would be ineffective, that no one would be benefited or injured by a decision and that the court could not try the question of whether a license should be granted. But the doctrine of moot case is not inexorably applicable merely because of the court's inability to act upon an expired license. The force of other considerations, especially in present day administrative procedure, may be so great as to compel an adjudication upon the merits, despite the ineffectiveness of the judgment with respect to the immediate controversy. 42 Am. Jur., Sec. 193, p. 572; 53 Har. L. R. 628. Especially in the case of "short term" administrative orders, (such as the suspension of a license) the in-

flexible application of the doctrine of moot case would defeat the right of judicial review, a right now contemplated by the Constitution and the Liquor Control Act. Const. Mo., Art. V, Sec. 22; Mo. R. S. A., Sec. ▆▆▆ 4905b, Laws Mo. 1945, S. B. 329. In some instances the application of the doctrine would defeat the purpose of the law. As was aptly said in a case under the act, "We think that it is not a moot case, for the reason that these parties have a right to a final determination of their rights." State ex rel. Henderson v. Cook, 353 Mo. 272, 276, 182 S. W. (2d) 292, 294. Then, there is the question of the licensee's right to future licenses and the just effect of previous administrative rulings upon his future applications. Technical Radio Laboratory v. Federal Radio Com., 36 Fed. (2d) 111, 113; Seila's Liquor License Case, 124 Pa. Super. 519, 190 Atl. 203. Finally, but not least important, is the public interest in the fair and proper administration of the liquor laws. State ex rel. Henderson v. Cook, supra; Morrison v. Hess (Mo.), 231 S. W. 997, 999. In view of all these considerations the present appeal does not present a moot case.

▆▆ The specific charges upon which the supervisor revoked the licensee's nonintoxicating beer (Mo. R. S. A., Sec. 4894, 4977) license were that she sold whiskey by the drink, that her husband sold a bottle of whiskey and that she permitted the operation of a crap game on the licensed premises, all in violation of the act. Mo. R. S. A., Secs. 4895, 4896, 4905, 4914. A department agent testified that on March 29, 1946, he purchased "a shot" of straight whiskey from Martha Frances. It was on that day that he saw and participated in a crap game in a back room of the Dew Drop Inn. He testified that the licensee took part in the game. Again, he testified that on March 30th and March 31st he purchased whiskey, by the drink, from the licensee. He saved samples of the purchased whiskey and they were analyzed by the department's chemist. It was on March 31st, he testified, in the licensee's presence that her husband sold him one half pint of "Kinseys" whiskey. Ora denied that he sold the agent, Foster, the half pint of whiskey or that there was a crap game on the premises. Martha Frances remembered Foster's having been there but denied that she sold him the three drinks of whiskey and that she participated in the crap game.

Certainly if the offenses were found the supervisor had authority to revoke the license. Mo. R. S. A., Sec. 4996b, Laws Mo. 1945, H. B. 427. In the proceeding to revoke the license a hearing was required and the circuit court was authorized, upon application, to review the proceeding. Mo. R. S. A., Sec. 4905 (b), Laws Mo. 1945, S. B. 329. In reviewing the proceeding the circuit court was authorized to pass upon and decide whether the liquor supervisor, upon all the evidence before him, could reasonably have made the finding and order but the court was not authorized to substitute its judgment for that of the supervisor. 42 Am. Jur., Secs. 217-218. The reviewing court, appar-

ently, did not observe the rule of deference to findings involving the credibility of witnesses, which is all that was involved in the review of this case. Plainly, the supervisor's order and decision was supported by competent and substantial evidence, upon the whole record, within the meaning of Section 4905(b). Certainly it cannot be said that the supervisor's finding was clearly contrary to the overwhelming·weight of the evidence. Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S. W. (2d) 647; Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S. W. (2d) 55.

In this view of the case it becomes unnecessary for us to pass upon the supervisor's argument that he may, even since the amendment of the Liquor Control Act (Laws Mo. 1945, S. B. 329) and the enactment of the Constitution of 1945 (Const. Mo., Art. V, Sec. 22), *in his discretion* grant or revoke licenses.

The judgment of the circuit court is reversed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.