**STATE ex rel. 807, INCORPORATED, a Corporation, Appellant,**

**v.**

**Milton SAITZ (now Harry Wiggins, Newly Appointed), Supervisor of Liquor Control, State of Missouri, Respondent.**

No. 53342.

Supreme Court of Missouri, Division No. 1.

March 11, 1968.

Sam Goldman, Clayton, for appellant.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Gerald L. Birnbaum, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal from judgment affirming revocation of liquor license by Acting Supervisor of Liquor Control, a state officer. Pinzino v. Supervisor of Liquor Control, Mo., 334 S.W.2d 20, 22[1].

On June 9, 1966, the Supervisor of Liquor Control of Missouri notified appellant through its registered agent, in writing, of a hearing on June 28, 1966, for consideration of revocation or suspension of its 5%-beer-by-the-drink license on these, among other charges, that on May 28, 1966, appellant did unlawfully:

"1. * * * fail and refuse to and did not at all times keep an orderly house or place, in that * * * (it) did employ or allow prostitutes to loiter upon the licensed premises * * * contrary to Section 311.680, R.S. Missouri, 1959 [V.A.M.S.].

"2. * * * violate Regulation 14, subsection (a) of the Rules and Regulations of the Supervisor of Liquor Control, 1960, * * *:

" '(a) * * * No holder of a license to sell intoxicating liquor by the drink, shall

sell or give any intoxicating liquor * * * to any female who shall solicit another to buy said intoxicating liquor * * *, nor shall he permit any such female person to solicit the purchase of intoxicating liquor * * * by another on the premises of said licensee.

"3. * * * violate Regulation 14, subsection (b) of the Rules and Regulations * * *:

" '(b) No retail licensee shall allow in or upon his licensed premises any improper disturbances, lewdness, immoral activities * * *.

"4. * * * violate Regulation 15, subsection (k) of the Rules and Regulations * * *:

" '(k) No licensee shall employ or allow the loitering upon or about the licensed premises of any * * * prostitute * * *."

Appellant appeared at the hearing by its registered agent and managing officer, Daniel Averbuch, who, on behalf of appellant, denied the charges.

Robert Fodde, agent of the Department of Liquor Control, was working with Agent Bernard Brown on May 28, 1966. They went to appellant's tavern at 4054 Olive, St. Louis, Missouri, about 4:55 p. m., seated themselves at the bar, and purchased drinks from the bartender. There were three women and two other men in the tavern. Agent Fodde asked the bartender about the women and he said, "Oh, they're prostitutes." Two of the women approached the agents and one asked "us to buy them each a drink." The bartender was about two or three feet from this solicitation. Agent Fodde asked the bartender to give the girls a drink and the bartender served the drinks. After the drinks were served, one of the women solicited the agents for purposes of prostitution. Before leaving, the agents purchased another round of drinks and left two one-dollar bills on the bar for the girls at their request. They wanted to do some more drinking until the agents returned.

Agent Bernard Brown corroborated Agent Fodde. He described their seats as being in the center of a U-shaped bar. Their drinks were beer. The girls who approached the agents seated themselves one by each agent. The bartender was directly opposite them when the girl next to him asked him to buy her a drink. The bartender served the drinks. Agent Brown heard the solicitation for prostitution of Agent Fodde by the girl seated next to Agent Fodde. Agent Brown had previously asked the bartender about the girls when they were playing the jukebox. The bartender told him the girls were "available if the price is right." The conversation with the girls established the price for the proposed prostitution at $5.00 for each agent.

Richard Jansen of the St. Louis Police Department had observed known prostitutes in appellant's tavern seven or eight times in the six months preceding the agents' investigation and had so advised the bartender. The neighborhood had a general reputation for prostitution and solicitation and the tavern was known as one frequented by prostitutes. He had made arrests in the tavern with the bartender's knowledge of known prostitutes.

The supervisor made Findings of Fact:

" * * * 2. That on May 28, 1966, (appellant) did allow a prostitute * * * to loiter upon or about the licensed premises.

"3. * * * did allow lewdness, immoral activities * * * on the licensed premises in that he allowed the solicitation for prostitution to have occurred.

"4. * * * did permit a female person to solicit the purchase of a drink on his licensed premises and * * * did give drinks to a female who solicited such drinks."

The supervisor also drew Conclusions of Law:

"1. That Regulation 14(a) of the Rules and Regulations of the Supervisor of Liquor Control provides that the (appellant) shall

not give drinks to females who solicit said drinks from others and * * * shall not permit any female person to solicit drinks on the licensed premises.

"2. That Regulation 14(b) of the Rules and Regulations * * * provides that the (appellant) shall not allow lewdness, immoral activities * * * on the licensed premises.

"3. That Regulation 15(k) * * * provides that the (appellant) shall not allow prostitutes * * * to loiter on the licensed premises.

"4. That Regulation 15(a) * * * make (sic) the (appellant) responsible at all times for the conduct of his business and also responsible for the act of any employee * * * in violation of the laws governing the sale of intoxicating liquor * * * in Chapter 311, RSMo.

"5. That Section 311.660, RSMo. 1959, authorizes the Supervisor of Liquor Control to establish Rules and Regulations for the conduct of the business carried on by each specific licensee * * * under Chapter 311, RSMo.

"6. That Section 311.680, RSMo. 1959, authorizes the Supervisor of Liquor Control to suspend or revoke licenses for failure to keep an orderly place.

"7. That Section 311.660, RSMo. 1959, authorizes the Supervisor * * * to revoke or suspend licenses for failure to obey Rules and Regulations."

Upon the evidence adduced at the hearing and pursuant to his Findings of Fact and Conclusions of Law, the supervisor entered an order finding appellant guilty of the charges against it and revoked its license.

An appeal was taken to the circuit court for review of the supervisor's decision and a transcript containing the charges, evidence, findings of fact, conclusions of law, and order of revocation was certified and filed there by the supervisor. After consideration of all transcribed items, the circuit court entered its judgment affirming the findings and decision of the supervisor.

■ On this appeal, as on the appeal in the circuit court, the appellate function is to determine if there is competent substantial evidence on the whole record to support the decision of the Supervisor of Liquor Control and, in cases such as this where the supervisor must hold a hearing, the reviewing court may reverse or modify the decision only if "such decision is not supported by competent substantial evidence on the whole record." Section 311.700, V.A.M.S.; Crooms v. Ketchum, Mo., 379 S.W.2d 580, 584–585; State ex rel. Favazza v. Ketchum, Mo., 367 S.W.2d 542, 546[2, 3]; Burke v. Coleman, 356 Mo. 594, 202 S.W.2d 809, 811[2, 3].

Appellant's first point is that the supervisor's decision was not based on competent substantial evidence. He contends that "The hearsay statements of the two agents * * * with reference to conversations with the two women and the bartender are not competent to bind the appellant," and that if a case was to be made on their conduct they had to be summoned as witnesses and subjected to cross-examination.

■ As conceded in appellant's reply brief, the bartender's statements were not admitted to show the truth of the assertion, i. e., to prove the two women were prostitutes, but were admitted to show only the knowledge of appellant's bartender of prostitutes' activities on the licensed premises. Where such an "utterance is offered, not as an assertion to evidence the matter asserted, but without reference to the truth of the matter asserted, the Hearsay rule does not apply. The utterance is then merely not obnoxious to that rule. It may or may not be received, according as it has any relevancy in the case; * * *." Mash v. Missouri Pacific Railroad Co., Mo., 341 S.W.2d 822, 827[4]. Nor is the agents' testimony that the two women approached them for drinks and prostitution hearsay. Such testimony was not for the purpose of

proving the truth of the statements, i. e., whether the women would do the proposed acts for the stated sum, but was to show that proscribed activities did occur in appellant's tavern. As such, the women's statements simply were observable "verbal acts, which actually are a part of the transaction under investigation" and to which the agents, as witnesses, were competent to testify. Sconce v. Jones, 343 Mo. 362, 121 S.W.2d 777, 781[1]; Miller v. Brunson Const. Co., Mo:, 250 S.W.2d 958, 962[9].

▪ Further difficulty in appellant's position is that at the hearing appellant did not invoke any rule against hearsay testimony, and "A rule of evidence not invoked is waived." Goodman v. Allen Cab Co., 360 Mo. 1094, 232 S.W.2d 535, 539[5].

▪ The remainder of appellant's attack on sufficiency of evidence is that the record should show that the Rules and Regulations of the Supervisor of Liquor Control were filed with the Secretary of State and that the record is incomplete without a "certification from the Secretary of State that such Rules and Regulations were duly filed with him." The only citations in support of this contention are Section 536.020 RSMo 1959, and Section 22, Article V, Constitution of Missouri, V.A.M.S., neither of which is authority for appellant's proposition. Section 536.020 simply requires each state agency to file with the secretary of state a certified copy of each rule it adopts; that the secretary of state shall keep a public register of same; and such rules shall become effective ten days after filing. Section 22, Article V, provides only for judicial review of actions of administration agencies and the scope of such review and contains no requirement of a secretary of state's certificate for the record at an agency hearing.

▪ Appellant in Point II charges that the circuit court review was not based on due process of law. The argument is that appellant was entitled to a *de novo* hearing in the circuit court with the right to produce new and additional evidence. In support of this contention appellant cites Section 311.710(5) RSMo 1959 which provides: "The complaint shall be heard by the court without a jury and if there has been a prior hearing thereon by the supervisor of liquor control then the case shall be heard *de novo* and both the complainants and the licensee may produce new and additional evidence material to the issues." The complaint mentioned in Section 311.710 is one that may be brought in a circuit court by a sheriff or any peace officer or by any eight or more persons who are taxpaying citizens in the county or city of the licensed business on account of several specified offenses. The provision is one for complaints in addition to those authorized to be brought by the supervisor and can serve as a means of enforcing the liquor law where the supervisor may fail or refuse to act. Section 311.710 clearly is not applicable where, as here, the charges are processed to decision by the supervisor under Sections 311.660 and 311.680, V.A.M.S., and review is under Section 311.700, V.A.M.S. Crooms v. Ketchum, supra, 379 S.W.2d 1. c. 584–585[1]. Appellant, itself, recognizes this procedure because its petition for review of the supervisor's decision stated it was filed "as required by Section 311.700, par. 2, of the Revised Statutes of Missouri, 1959."

▪ Under this point appellant complains that he was denied due process when the circuit court set aside its judgment of February 8, 1967, affirming the supervisor, and thereafter reentered an identical judgment without notice or hearing.

The judgment is the same in both instances, and appellant attempts no demonstration of prejudice on account of the reentry which, by the record, was upon his own motion and for his benefit. The order setting aside the first entered judgment did not set aside the submission of the case; it simply set aside the judgment, and the case was thus restored as previously submitted "to the breast of the court" for disposition. Fletcher v. North British and

Mercantile Ins. Co., Mo., 425 S.W.2d 159. There was no additional hearing to be held inasmuch as the only authorized submission was of the transcript previously submitted January 24, 1967, and appellant was enabled to file motion for new trial and, ultimately, this appeal.

Appellant complains that the court's judgment referred to the "Excise Commissioner of the City of St. Louis" instead of the "Acting Supervisor of Liquor Control of the State of Missouri," and also questions the *nunc pro tunc* correction of this feature of the order.

As indicated by the complaint, the judgment did make such erroneous reference. After appeal to this court and upon motion and notice to appellant, the court entered an order correcting its judgment to read "Acting Supervisor of Liquor Control of the State of Missouri" wherever it had read "Excise Commissioner of the City of St. Louis." This was done on a finding, supported by the transcript, that the "records and files of the Court show that a clerical error was made in that the caption and formal parts of all pleadings, documents and orders refer to and state that the Acting Supervisor of Liquor Control of the State of Missouri was the proper party and not the Excise Commissioner of the City of St. Louis and specifically that the Memorandum for Clerk states the 'Decision of Acting Supervisor of Liquor Control affirmed.'" Appellant's only argument is that this could not be done after the circuit court lost control of its judgment by expiration of the thirty-day period following its entry.

■ The *nunc pro tunc* procedure was proper. "It was the clear duty of the court to make its judgment complete evidence of the determination of all vital issues made by pleadings and tell the truth. * * * The right to amend (the judgment) was not altered by the appeal, for the trial court, though it had lost jurisdiction of the cause, still retained enough jurisdiction of its

record to make it tell the truth." Kansas City v. Woerishoeffer, 249 Mo. 1, 155 S.W. 779, 784[8, 9]. This correction was justified because necessary corroboration appeared elsewhere in the record. City of St. Louis v. Essex Inv. Co., 356 Mo. 1028, 204 S.W.2d 726, 729[7].

Appellant's final point is that revocation was an unduly severe decision.

■ Appellant was charged with and found guilty of allowing prostitutes to loiter on its licensed premises in violation of Section 311.680, V.A.M.S., and of permitting sale of intoxicating liquor to a female soliciting drinks and allowing lewd and immoral activities on licensed premises in violation of Regulations 14 and 15 of the Rules and Regulations of the Supervisor of Liquor Control. Section 311.660(6), V.A.M.S., authorizes such rules and that section and Section 311.680, V.A.M.S., provide the supervisor's authority to suspend or revoke for violation of Section 311.680 and the rules. The decision to suspend or revoke lies solely with the supervisor and the reviewing court can but affirm or reverse; it cannot modify the supervisor's decision in this type case. See authorities previously cited.

Appellant's plea for modification is based on Section 311.710, V.A.M.S., which does make provision for the court to suspend a license where to revoke as ordered by the supervisor would be unduly severe. It already has been demonstrated that this section is not applicable to this case and the reviewing court remains limited, under Section 311.700, V.A.M.S., to affirming the judgment of revocation if supported by competent, substantial evidence, or to reversing or modifying only if the judgment was not so supported or if not authorized by law. See authorities previously cited.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HENLEY, P. J., SEILER, J., and SHANGLER, Special Judge, concur.

STORCKMAN, J., not sitting.