Andrew ELLIS, petitioner, Respondent,

v.

MINNEAPOLIS COMMISSION ON CIVIL RIGHTS, Appellant (50168),

and

Raymond Smith, complainant, Respondent (50168), Appellant (50182).

Nos. 50168, 50182.

Supreme Court of Minnesota.

June 20, 1980.

Robert J. Alfton, City Atty., and Allen B. Hyatt, Asst. City Atty., Minneapolis, for Minneapolis Commission on Civil Rights (50168).

Thomas Vasaly, Legal Aid Society of Minneapolis, Inc., Minneapolis, for Smith (50182).

Blake & Phillips and Seth R. Phillips, St. Paul, for Ellis.

## PER CURIAM.

Raymond Smith, complainant, and the Minneapolis Commission on Civil Rights appeal from an order of the district court reversing an order of the commission which concluded that Andrew Ellis, Smith's landlord, violated Minneapolis, Minn., Code §§ 945.040(e)(3) and (k)(2) (1960)[1] by discriminating against Smith on the basis of Smith's American Indian heritage. The issues raised are whether the filing of an affidavit of prejudice in an action to review an agency decision requires that the case be reassigned, whether the decision of the commission was supported by substantial evidence in view of the entire record as submitted, and whether proceedings by the

1. These sections are currently found at Minneapolis, Minn., Code §§ 139.40(e)(3) and (k)(2) (1977).

commission were barred by an adverse jury verdict on the defense of discrimination in an unlawful detainer proceeding. We conclude that the affidavit of prejudice should have been honored and that the remedy afforded in civil cases, reversal and a new trial, should be applied. We therefore find it unnecessary to reach the other issues raised.

Minn.Stat. § 15.0424, subd. 6 (1978), governing judicial review of administrative agency decisions states that "[e]xcept as otherwise provided all proceedings shall be conducted according to the rules of civil procedure." R.Civ.P. 63.03 provides:

Any party or his attorney may make and serve on the opposing party and file with the clerk an affidavit stating that, on account of prejudice or bias on the part of the judge who is to preside at the trial or at the hearing of any motion, he has good reason to believe and does believe that he cannot have a fair trial or hearing before such judge. The affidavit shall be served and filed not less than 10 days prior to the first day of a general term, or 5 days prior to a special term or a day fixed by notice of motion, at which the trial or hearing is to be had, or, in any district having two or more judges, within one day after it is ascertained which judge is to preside at the trial or hearing. Upon the filing of such affidavit, with proof of service, the clerk shall forthwith assign the cause to another judge of the same district, and if there be no other judge of the district who is qualified, or if there be only one judge of the district, he shall forthwith notify the chief justice of the supreme court.

It is undisputed that Smith complied with the rule but that the chief judge of the district determined that it was inapplicable on the theory that review is in the nature of an appeal rather than a trial.

We have often stated that the right to peremptorily challenge a judge is to be liberally construed to safeguard in both fact

and appearance the constitutional right to a fair and impartial trial. *Jones v. Jones*, 242 Minn. 251, 64 N.W.2d 508 (1954); *Wiedemann v. Wiedemann*, 228 Minn. 174, 36 N.W.2d 810 (1949); *Payne v. Lee*, 222 Minn. 269, 24 N.W.2d 259 (1946). In *State ex rel. Wild v. Otis*, 257 N.W.2d 361 (Minn.1977), however, we refused to permit peremptory challenges of appellate judges, adopting the rationale expressed in ABA Standards of Judicial Administration, Standards Relating to Appellate Courts § 3.42 (Approved Draft 1977) and its commentary:

> In the collegial decision-making of an appellate court an individual judge's purely personal views are of less significance than they would be in a trial court and he is subject to collegial restraint should he be inclined to act on them; an appellate judge has few occasions for exercising the broad discretion reposing in a trial judge; and in appellate litigation there is no occasion for the intense personal interaction between the judge and the lawyers and litigants that may occur in a trial court.

257 N.W.2d at 363–64.

We believe that the role of a district judge in reviewing an administrative decision is more akin to that of a trial judge than an appellate judge. First, there is no collegial restraint since the reviewing judge makes his decision without consulting others. Second, § 15.0424, subd. 6, provides that testimony may be taken in court concerning alleged irregularities in procedure before the agency and § 15.0424, subd. 5, confers discretion on the reviewing court to grant a party leave to present additional evidence before the agency. Third, a litigant or his attorney is likely to have interacted personally with the judge conducting the review. In our view, the situation is substantially the same as arguing a motion before the district court, and we find no special consideration of administrative law requiring that the rule not be applied.

█ Often the principal issue raised in review proceedings is whether there is substantial evidence to support the agency decision. In such cases, the strictures of judicial review require that the reviewing court refrain from substituting its judgment concerning inferences to be drawn from the evidence for that of the agency. Unless there is manifest injustice, the limitation applies even though it may appear that contrary inferences would be better supported or that the reviewing court would be inclined to reach a different result were it the trier of fact. *Gibson v. Civil Service Board*, 285 Minn. 123, 171 N.W.2d 712 (1969). Given this narrow scope of review, which the record indicates may have been exceeded in the present case, we believe that preservation of fairness in fact and appearance requires that a review proceeding be reassigned when a party complies with Rule 63.03.

█ We have consistently held that failure to honor a proper affidavit of prejudice is reversible error requiring a new trial. *Jones v. Jones*, 242 Minn. 251, 64 N.W.2d 508 (1954); *Wiedemann v. Wiedemann*, 228 Minn. 174, 36 N.W.2d 810 (1949). While our role in reviewing district court rulings on petitions for review of agency decisions is not the same as our role in reviewing civil actions generally, we believe that the differences do not warrant the conclusion that the error was without prejudice. The statutorily established review by the district court is an important step in administrative procedure, and we believe that proper review should be conducted before we reach the merits of a claim. Under these circumstances, we do not address the question of the substantiality of the evidence. Furthermore, the question whether the unlawful detainer proceeding has *res judicata* effect on subsequent proceedings before the commission cannot be adequately determined upon the record submitted.

Reversed and remanded.

SHERAN, Chief Justice (concurring specially).

I agree with the result upon the ground that affidavits of prejudice should be recognized by trial judges in proceedings of this kind as readily as in any other case where the power of the court is invoked. The case

is not a suitable one, in my opinion, for redefining the scope of review on appeal from a decision of an administrative agency.

OTIS, Justice (concurring specially).

I concur in the opinion of the Chief Justice.

KELLY, Justice (concurring specially).

I concur. The affidavit of prejudice should have been honored in this case and the district court's failure to do so requires that the case be reversed and remanded. However, I cannot concur in the portion of the majority's opinion which finds partial support for this result in the prevailing interpretation of the scope of review governing appellate courts when reviewing an agency's factual findings. I cannot agree that either the Constitution or the Minnesota Administrative Procedure Act (MAPA) mandate such a narrow and restrictive scope of review.

It has long been recognized by this court that reasonable legislative regulations designed to aid this court in the exercise of its appellate functions are acceptable on comity principles. *Appeal of O'Rourke*, 300 Minn. 158, 175, 220 N.W.2d 811, 821 (1974). However, the legislature may not by regulation deny this court's "constitutionally independent appellate authority to review whatever this court deems mandated in the interests of justice." Id. (Footnote omitted.)

In the context of administrative law, this principle is tempered in light of the constitutionally based doctrine of separation of powers. Article 3 of the Minnesota Constitution not only grants the judiciary independent power free from encroachment by the executive or the legislature, but also grants the legislature and the executive powers which are independent of the judiciary. Thus, where courts review decisions of an administrative agency which performs legislative or executive functions, our review is necessarily more restrictive. To substitute our judgment for that of such an agency would constitute the exercise of nonjudicial powers. Such a review would be unconstitutional on separation of powers grounds. *See e. g. Ex parte Bakelite Corp.*, 279 U.S. 438, 49 S.Ct. 411, 73 L.Ed. 789 (1929); *American Beauty Homes Corp. v. Louisville & Jefferson County Planning & Zoning Comm'n.*, 379 S.W.2d 450 (Ky.1964). But where an agency performs judicial or quasi-judicial functions, appellate review may be more rigorous without running afoul of the constitution. Despite the fact that there are compelling policy reasons behind our recognition of the legislature's regulation of our appellate powers on grounds of comity, not the least of which is the necessity of cooperation by the three branches for the best results in government, our recognition of such regulations is not in all cases constitutionally compelled.

The prevailing interpretation of the "substantial evidence" rule is far more restrictive than Minn.Stat. § 15.0425 (1978) requires. A better interpretation of this rule in a review of a judicial or quasi-judicial agency's factual findings would focus on the words of the statute which require reversal of an agency's findings if unsupported "by substantial evidence *in view of the entire record* as submitted." (Emphasis added.) Minn.Stat. § 15.0425(e) (1978). In such a review a court would consider not only the evidence tending to support the agency's findings but also the evidence militating against those findings. Agency findings would be reversed where it appeared they were clearly against the weight of the evidence or where the reviewing court was left with a definite and firm conviction a mistake had been made. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Benedict v. Board of Police Pension Fund Comm'rs.*, 35 Wash.2d 465, 214 P.2d 171 (1950); *Burke v. Coleman*, 356 Mo. 594, 202 S.W.2d 809 (1947).

I would therefore overrule *Gibson v. Civil Service Bd.*, 285 Minn. 123, 171 N.W.2d 712 (1969) and the subsequent line of cases adopting the position of the court taken in the *Gibson* case including *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808 (Minn.1977). In that case this court rejected the "clearly

erroneous" interpretation of the substantial evidence rule. Additionally, it adopted the view that no particular deference should be paid the decisions of the district courts which conduct appellate reviews of administrative agencies. This lack of deference creates a needless duplication of appellate effort and constitutes a waste of not inconsiderable judicial expertise. I strongly urge a reexamination of the standard of review of administrative factual findings.

PETERSON, Justice (concurring specially).

I concur in the opinion of Mr. Justice KELLY.

YETKA, Justice (concurring specially).

I join in the concurrence of Mr. Justice KELLY.